## Ex parte GEO. E. WINTERS.

No. A-1988.    Opinion Filed April 27, 1914.

(140 Pac. 164.)

1. BRIBERY—Defense—Want of Official Authority. A person who holds himself out as an officer under color of authority, and who solicits and accepts a bribe, has no right to defend and be discharged on the ground that, as a matter of law, he had no right to act as such officer.

2. SAME. One cannot hold himself out as an officer of the law and prostitute the public trusts and debauch the public conscience by soliciting and accepting bribes, and be exonerated by the courts of this state, on the ground that he had no legal right to act in the capacity he assumed. If he is officer enough to solicit and accept a bribe, he is also officer enough to be sent to the penitentiary for his conduct.

Original action for writ of *habeas corpus* by George E. Winters. Writ denied.

*Hargis & Conwell,* for petitioner.

*C. J. Davenport,* Asst. Atty. Gen., opposed.

ARMSTRONG, P. J. This is an original action begun in this court by George E. Winters for the writ of *habeas corpus*. The petition alleges that an information had been filed in the district court of Osage county by the county attorney of said county, charging petitioner with bribery. The information is as follows:

"Comes now C. K. Templeton, the duly qualified and acting county attorney, in and for the county of Osage, state of Oklahoma, and in the name and by the authority of the state of Oklahoma, informs the court that on or about the 14th day of September, 1911, in the said county of Osage, state of Oklahoma, the said defendant, George E. Winters, then and there being a duly and regularly appointed and acting deputy special state enforcement officer of the state of Oklahoma, did then and there wrongfully, unlawfully, and feloniously accept and receive the sum of $15, good and lawful money of the United States for himself, for and in consideration of an agreement and understanding with one W. T. Crabtree, that he, the said W. T. Crabtree, should be permitted to violate the provisions of the prohibitory liquor laws of the state of Oklahoma, in this, to wit: To sell, barter, give away, and otherwise furnish intoxicating liquors at Avant, in said county and state, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Oklahoma."

The Assistant Attorney General filed a demurrer to the petition.

In our judgment the pleadings raise only one question which is entitled to our consideration in this proceeding; that is: Does a person who holds himself out as an officer under color of authority, and who solicits and accepts a bribe, and endeavors to and does corrupt other persons, have a right to defend and be discharged upon the contention that, as a matter of law, he had no right to act as such officer, and therefore the accepting of a bribe was not a violation of the statute? It is not necessary for us to determine in this proceeding the right and power of the state enforcement officer, as that office existed at the time of the filing of this petition, and at the time he is alleged to have appointed the petitioner as a deputy enforcement officer, to lawfully make such appointment, nor is it necessary in our judgment to deter-

mine that persons so appointed were entitled to act as officers. It has been the policy of this court since its organization to assume every reasonable position possible, tenable with the view of aiding the enforcement of the law and the maintenance of good government in Oklahoma. As said by this court in *Ellington v. State,* 7 Okla. Cr. 252, 123 Pac. 186, which was an embezzlement case wherein a guardian was prosecuted for embezzling moneys of his ward, and who attempted to defend on the ground that the money embezzled by him did not legally belong to his ward, and therefore it was no crime for him to embezzle it, "if he was agent enough to collect this money, he was agent enough to be punished for its embezzlement." The same might be said of the petitioner; if he was officer enough to solicit and accept a bribe, he was also officer enough to be sent to the penitentiary for so doing. Corruption and debauchery are not tolerated in civilized communities. It makes no difference for the purpose of this prosecution whether the state enforcement officer had the right and power to appoint deputies, as a matter of law, or not; if he did make such appointments, and such appointees assumed to act and hold themselves out as officers of the law, they were amenable to the criminal statutes of this state for soliciting and accepting bribes, and the good of society demands that any such persons so accepting bribes be punished. In this position we are not wholly without support by the authorities.

In *State. v. Duncan,* 153 Ind. 320, 54 N. E. 1067, the Supreme Court of Indiana, in considering a similar question, said:

"Bribery is an offense against public justice. The essence of it is the prostitution of a public trust, the betrayal of public interests, the debauchment of the public conscience. If one admits the doing of the things that produce these results, shall he escape by saying he had no right to act at all? It would seem passing strange if the consequences of one breach of law might be evaded by showing another."

In the Indiana case the accused was a gravel road engineer, and was prosecuted for accepting a bribe. His defense was based on the contention that there was no valid law authorizing his appointment. The Supreme Court of Indiana says that he could

not thus prostitute the public trust and debauch the public con-
science, and urges that, although he accepted the bribe, he had
no authority to act as an officer. The petitioner was appointed
as an officer; he assumed to act and exercise the duties of an
officer; he will not now be permitted to say he had no authority
in the premises.

The Supreme Court of Ohio, in *State v. Gardner*, 54 Ohio
St. 24, 42 N. E. 999, 31 L. R. A. 660, promulgated a similar doc-
trine. In the Ohio case Gardner was prosecuted for offering
a bribe to one purported to hold an office. His defense was that
such office did not legally exist. The court held that he could
not maintain any such defense.

In *Price v. State, ante,* 137 Pac. 736, we had under con-
sideration a question involving the principle now under discus-
sion. In that case Price was prosecuted for embezzling money
as an attorney. He had moved from another state to Oklahoma,
but had not been legally admitted to the bar in Oklahoma. His
defense was based on the contention that, not having been legally
admitted to the bar, he could not be charged with embezzlement
as a lawyer. In determining that question, we said:

"When a lawyer from another state moves into Oklahoma
and, without securing admission to the bar of this state, holds
himself out to the public as a lawyer, accepts business as such,
and embezzles money collected by him as a lawyer, he cannot
escape punishment upon the ground that he was never legally
admitted to the bar of Oklahoma."

See, also, *Florez v. State,* 11 Tex. App. 102.

We are of opinion that the demurrer should be sustained,
and the petition dismissed; and it is so ordered.

DOYLE and FURMAN, JJ., concur.