# G. N. LOWDERMILK v. STATE.

No. A-1806.  Opinion Filed February 4, 1915.

(145 Pac. 1110.)

1.  **EMBEZZLEMENT—Evidence—Best and Secondary—Record.**  (a) The fact that there is a record of the election of certain officers of a lodge does not preclude the state from proving by other competent evidence the fact that one acted in such capacity.

    (b) If a person assumes to act in the capacity of a lodge officer, is so recognized by the members thereof, and receives and disburses the money of the lodge, proof of these facts is sufficient to sustain a conviction for the embezzlement of the funds, of the lodge as an officer of the same.

2.  **INDICTMENT AND INFORMATION—Pleading and Proof—Appeal—Harmless Error.**  (a) It is the duty of the county attorney to introduce proof of facts sufficient to establish all the material allegations set out in the information presented by him, in the manner and form as charged, and in keeping with the rules of law.

    (b) The fact, however, that a county attorney fails of efficiency or through oversight to comply with the rules of law strictly construed, does not justify this court in permitting a criminal to escape punishment when such criminal has been deprived of no substantial right and is clearly guilty of the crime charged.

    (c) The admission of incompetent evidence does not necessarily justify the reversal of a conviction when there is competent evidence in the record which conclusively establishes the guilt of the accused, and no defense whatever is offered.

(Syllabus by the Court.)

*Appeal from District Court, Latimer County;*
*W. H. Brown, Judge.*

G. N. Lowdermilk was convicted of embezzlement, and appeals.  Affirmed.

*Jones & Lester,* for plaintiff in error.

*Smith C. Matson* and *C. J. Davenport,* Asst. Attys. Gen., for the State.

ARMSTRONG, J.  The plaintiff in error, G. N. Lowdermilk, was convicted at the March, 1912, term of the district court of Latimer county on a charge of embezzlement, and his punishment fixed at imprisonment in the state penitentiary

for a term of one year and one day. This appeal is brought in an effort to secure a reversal of the judgment of conviction.

The information charges that the plaintiff in error, while acting as the financial officer of Gowan Lodge No. 79 of the Ancient Order of United Workmen, embezzled the sum of $130, funds of the lodge which he came into possession of through his official connection therewith. The testimony clearly shows that he was acting as financial officer of the lodge in question in the capacity charged, received the money in question, and appropriated the same to his own use. The only contention advanced by his counsel is that the court erroneously permitted certain oral testimony to be introduced to show his official relation to the lodge, instead of requiring the introduction of lodge records. There was no testimony introduced on behalf of the plaintiff in error. A number of witnesses testified that they were members of the lodge and that the plaintiff in error was secretary and financial officer of the lodge. His signature was identified, and receipts he had given members of the lodge for dues were introduced.

Counsel earnestly urge this court to reverse this judgment on the ground that the records of the lodge showing the election of the plaintiff in error to the position of financial officer should have been introduced. The county attorney should have been prepared to introduce, and should have introduced, this record. However, other competent proof in the form of receipts signed by the plaintiff in error in his own handwriting, in the absence of any denial on his part or by any one for him that the receipts spoke the truth, was sufficient to establish the fact that he had held himself out as such officer, and as said by this court in the case of *Ex parte Winters,* 10 Okla. Cr. 592, 140 Pac. 164, 51 L. R. A. (N. S.) 1087, if he was financier and secretary enough to collect the money of the members of this lodge and embezzle it, he was financier and secretary enough to go to the penitentiary for perpetrating such a public wrong. It was sufficient in this case for the state to show that the plaintiff in error acted as such officer and received and receipted for money as such officer, and embezzled the same after

he had come into the possession thereof. The question of his lawful election as an officer of the lodge in question was not material. If he acted as an officer thereof, received and embezzled the money thereof, in the manner and form as charged, then he was properly convicted. The laws of this state do not tolerate any such crookedness.

While the foregoing is the law of this jurisdiction, county attorneys who prosecute under the character of information set up in this record should exercise diligence to introduce all the records essential to make out their case as charged. The fact, however, that the county attorney fails of efficiency or through oversight fails to comply with the rules of law strictly construed does not justify this court in permitting a criminal to escape punishment when he has been deprived of no substantial right and is clearly guilty of the crime charged. The admission of incompetent evidence does not justify the reversal of a conviction when competent evidence conclusively establishes the guilt of the accused, and when no defense whatever is made. It is clearly shown by the testimony in the record that members of this lodge paid to the plaintiff in error the assessments and dues provided by the by-laws governing the institution; that he accepted the money and issued receipts therefor as secretary and financial officer thereof; that he unlawfully appropriated the money to his own use—and nobody denies these facts.

The trial was without prejudice, and the conviction proper. The judgment of the trial court is therefore affirmed.

DOYLE, P. J., concurs. FURMAN, J., absent.