WILLIAMS, Plaintiff in error, vs. THE STATE, Defendant in error.

*June 10—July 8, 1922.*

*Bribery: Guilty intent of officer: Materiality: Evidence: Sufficiency: Question for jury.*

1. In a prosecution for bribery it was for the jury to determine whether money paid and promises made to a police officer who had served a warrant of arrest upon the wife of accused were made to improperly influence the officer not only with respect to the proceeding pending but to proceedings which might thereafter be taken on account of future violations of the statutes of the state or the ordinances of the city.
2. One may be guilty of bribing a public officer although the officer had no corrupt purpose or intent, the guilt of the briber being measured by his own intent and not by the intent of the acceptor of the bribe.
3. The court took from the jury the included charge of subornation of perjury, but ruled that all of the evidence concerning the withdrawn charge was admissible as a part of the *res gestæ*. *Held,* that the evidence all had probative force, and the ruling is affirmed.

ERROR to review a judgment of the municipal court of Milwaukee county: A. C. BACKUS, Judge. *Affirmed.*

For the plaintiff in error there was a brief by *Brennan & Lucas* of Milwaukee, and oral argument by *Nicholas F. Lucas.*

For the defendant in error there was a brief signed by the *Attorney General, Winfred C. Zabel,* district attorney of Milwaukee county, and *George A. Shaughnessy* and

*Eugene Wengert,* assistant district attorneys, and oral argument by *Mr. Wengert.*

DOERFLER, J.   The plaintiff in error, hereinafter called the defendant, was convicted in the municipal court of Milwaukee county on the charge of having bribed a police officer.   The record discloses that one Henry Dax was a policeman in the city of Milwaukee on November 1, 1921, and as such officer had served a warrant upon one Mary Williams, the wife of the defendant, for having violated the ordinances of the city of Milwaukee pertaining to fortune telling; and that subsequent to the arrest, and after the said Mary Williams had been released on bail, the defendant paid to the said Dax the sum of $10 and at the same time made the statement, "Now you know what to do."   Defendant further stated that he would also pay to said officer the sum of $50 a month if he, the officer, would treat his wife leniently and would instruct the witnesses for the city, in the action pending against his wife, to testify that Mrs. Williams was telling fortunes by an examination of the hand instead of the head.

Dax also testified that when he called at the home of the defendant for the purpose of serving the warrant on his wife, and before the object of his visit became known to either the defendant or his wife, the defendant promised to give the officer a gold pin of the value of about $20 upon the alleged pretext that the officer was a reliable official and had always performed his duties properly and considerately.

Defendant's counsel assigns as error the order of the court overruling his motion to discharge the defendant, upon the alleged ground that the evidence does not sustain the charge of bribery.

Sec. 4475 of the Statutes provides:

"Any person who shall corruptly give, offer or promise to any executive, judicial, legislative, administrative or

other officer of the state, or of any county, town, city, village, school district, or of other municipal corporation or subdivision therein, after his election or appointment, and either before or after he shall have been qualified or shall have taken his seat, any gift or gratuity, or any money, goods, thing in action, personal or real property, or anything of value, or any pecuniary or other personal advantage, present or prospective, with intent to influence his vote, opinion, judgment or action upon any question, matter, cause or proceeding which may then be pending or which may by law come or be brought before him in his official capacity, and any such officer who shall corruptly accept or receive any such gift, gratuity, money, goods, thing in action, personal or real property or anything of value, or any such pecuniary or other personal advantage, present or prospective, under any agreement or understanding that his vote, opinion, judgment or action should be thereby so influenced shall be punished," etc.

It will be noted from an examination of the statute that the offense of the alleged bribe giver is fully performed when he either makes the promise or actually gives to the official something of value or of advantage to him for the purpose of influencing the action, etc., of such official upon any matter, etc., which may then be pending or which may by law come or be brought before him in his official capacity.

Defendant's counsel contends that inasmuch as the officer had served the warrant, and because he had no personal knowledge of any of the facts pertaining to the alleged offense, his official duties with respect to the matter had come to an end, and that he therefore was not in a position where his official action could in any manner whatsoever have been influenced. There might be merit in the contention of counsel if he reasoned from a correct basis. A police officer's duties are not confined merely to the service of warrants and the making of arrests. He is also charged in law with the service of subpœnas and the gathering of available testimony to be used by the prosecution on the trial. To interview the witnesses as above stated and

to ascertain the general scope and bearing of their testimony is within the proper field of the duties of a police officer. The court can also take judicial notice that subpœnas for witnesses would naturally be delivered to the officer of the beat for service. Such officer, having in his possession such subpœnas and being charged with the duty of securing available evidence, is susceptible, if he is improperly influenced, not only of retarding the service of such subpœnas but to fail to make proper service, also to fail in the performance of his duty by suppressing the available evidence or part thereof, or by tampering with the witnesses so as to procure a miscarriage of justice. It may also be inferred that the payment of $50 per month was intended to secure immunity in the future from police interference. There rested no obligation on the part of the defendant to pay or promise anything to the officer, the latter holding a public office to which he owed an undivided duty to the public to aid in the administration of justice and in maintaining the peace and dignity of the state.

The payment of money and the promises made, under the detailed circumstances in the case, are not only the subject of the gravest suspicion, but constitute evidence from which it readily can be presumed that the motives of the giver or promisor are corrupt. Any attempt to influence the official conduct of a public officer which has a tendency to swerve him from his clear line of duty strikes at the very foundation of the administration of justice.

It was therefore, under the instructions of the court, a proper subject to determine by the jury whether or not the money paid or the promises made were for the purpose of improperly influencing the conduct of the official, not only with respect to the proceeding which was then pending against the defendant's wife, but with respect to proceedings which might thereafter be taken on account of future violations of the statutes of the state or the ordinances of the city of Milwaukee.

As is said in approval of a dissenting opinion of one of the judges of the supreme court of Alabama in *People v. Markham,* 64 Cal. 157, 161,. 30 Pac. 620:

"The offense consists, in contemplation of the statute, in poisoning and corrupting the fountain of justice, and although the particular deleterious consequence designed to be effected by the parties has not ensued, the state, nevertheless, has an officer corrupted and society has lost all protection for its rights, so far as the administration of the law by him is concerned."

Fortunately in the instant case the officer merely accepted the proposed bribe for evidentiary purposes.

It is further contended that in order to convict the defendant it is necessary that both the officer and the bribe giver must be guilty of corrupt intent.  Such view is not in accordance with a correct construction of the wording of the statute, from which it must be inferred that the offense of the giver and of the taker are distinct in their nature.

Any person may be guilty of bribing a public officer although the officer had no corrupt purpose or intent, the guilt of the briber being measured by his own intent and not by the intent of the acceptor of the bribe.  9 Corp. Jur. p. 404, § 4; *Comm. v. Murray,* 135 Mass. 530; *Minter v. State,* 70 Tex. Crim. 634, 159 S. W. 286.

In the information the defendant was charged both with subornation of perjury and with bribery.  At the close of the trial the court took from the jury the charge of subornation of perjury and confined the offense solely to bribery.  Thereupon defendant's counsel requested the court to instruct the jury to disregard the testimony given in relation to the charge of subornation of perjury excepting only where such testimony is in some way connected with the charge of bribery.  The trial court ruled that all of the evidence constituted a part of the *res gestæ* and therefore refused to comply with the request, and such refusal·is assigned as error.  An examination of the record con-

vinces us that the ruling of the court was correct; that all of the evidence was properly admissible and had probative force with respect to the issue involved.

A number of other assignments of error are urged by defendant's counsel on this hearing. We have examined them carefully, and have concluded that inasmuch as substantial justice has been done, such errors, if any, are not prejudicial and would not, under the provisions of the statutes, work a reversal.

The judgment and sentence of the lower court are therefore affirmed.

*By the Court.*—It is so ordered.