## DAVE BYNUM v. STATE.

No. A-5048. Opinion Filed Oct. 24, 1925.
(240 Pac. 150.)

Fred L. Hoyt and John Butler, for plaintiff in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen, for the State.

EDWARDS, J. From a conviction in the county court of Dewey county, the plaintiff in error, hereinafter called defendant, has appealed.

Three assignments of error are presented. First. Insufficiency of the information. Second. Insufficiency of the evidence. Third. Error of the court in refusing requested instructions. The information charges that the defendant did, in Dewey county, transport intoxicating liquor, to-wit:

"One-half gallon of whisky from a point in Dewey county, Okla., unknown to informant to another point one mile south of the town of Leedey, Dewey county, Okla., in the section line, contrary, etc. * * *"

Defendant contends that the information is insufficient in that the section line is not identified; that a point on the section line one mile south of the town of Leedey may vary considerably, and that it does not apprise the defendant of the particular spot to which the whisky is alleged to have been transported, citing Robbins v. State, 12 Okla. Cr. 412, 157 P. 1027, in which case the information charged transporting of intoxicating liquor "from some point in Beaver county to your informant unknown to K. of P. Lodge Hall, a place then and there in Beaver county." In the Robbins Case, the information did not allege the town or place where the K. of P. Hall mentioned was located or fix the place other than in Beaver county. There might have been different K. of P. Halls in Beaver county, and it was the duty of the pleader to allege the town or location. In this case, the location to which the liquor was transported is fixed at a point on the section line one mile south of the town of Leedey.

Section 2555, Comp. St. 1921, is in part as follows:

"The indictment or information must contain: * * * Second. A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended."

Section 2564, Comp. St. 1921, provides:

"No indictment or information is insufficient, nor can the trial, judgment or other proceedings thereon be affected, by reason of a defect or imperfection in the matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

An information which informs an accused of the offense with which he is charged with such particularity as to enable him to prepare for trial, and so defines and indentifies the offense that the accused, if convicted or acquitted, will be able to defend himself in case he be informed against again for the same offense by pleading the record of such former conviction or acquittal, is generally held sufficient. Smythe v. State, 2 Okla. Cr. 286, 101 P. 611, 139 Am. St. Rep. 918; State v. Feeback, 3 Okla. Cr. 508, 107 P. 442; Price v. State, 9 Okla. Cr. 359, 131 P. 1102. Particularly is this so where such claimed defect cannot prejudice the defendant.

An examination of the record discloses that the defendant was arrested at the particular spot where the whisky was found, and to which spot the state alleges it was transported. There could have been no prejudice by reason of the place being indefinite. The information is sufficient.

Upon the contention made that the evidence is insufficient, it appears that the witness Riddle observed some person hide liquor in a canyon near his house a mile south of Leedey. He observed such person drive a Ford car into the canyon, and remain there some 15 minutes, then leave and go to town; the witness then went toward town and met the defendant returning. For several days a car which he took to be the same car had been coming in and going out of the canyon. He identified the car as being the same by appearance and by a loose glass in the rear. Officers, being apprised of the hidden whisky to which parties were making frequent visits, lay in wait and arrested the defendant at the spot. The defendant testified that he did not place the whisky there and had nothing to do with it.

The evidence was such that the jury could reasonably and logically find the guilt of the accused, its weight and sufficiency was for the jury. While the witness Riddle was somewhat cautious in his identification, we believe the jury were fully warranted in finding the guilt of the accused. This court will not disturb it on the ground of insufficiency.

The third assignment is based on the refusal of the court to give a requested instruction to the effect that the transportation of whisky to constitute an offense must be from one point or place within the state to another point or place, and that merely lifting the whisky from the ground and returning it would not be such transportation. This instruction was covered fully by the charge of the court, and there was no error in refusing the requested instruction.

Upon a consideration of the entire case, the defendant was fairly tried, the evidence reasonably supports the verdict, the issues of law were fairly submitted, and no prejudicial error appears.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.