HAROLD A. APPELGET et al. v. STATE.

No. A-4694. Opinion Filed Jan. 30, 1926.
(243 Pac. 255.)

A. L. Squire and Titus & Talbot, for plaintiffs in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. For convenience and brevity, the plaintiffs in error will be referred to as defendants.

The defendants were stockholders and officers of the Bank of Goltry. In connection with one H. O. Brown they entered into negotiations with J. B. Vosburg for the purchase of the stock of the Farmers' State Bank of Lahoma. After some negotiations, the two defendants, with Brown at Lahoma, concluded a purchase of 85 shares of the stock of that bank for an agreed consideration of $22,100. This transaction was concluded on March 5th. H. O. Brown had a little personal property of inconsequential value, and had $50 or $75 on deposit in the Goltry Bank. Prior to the purchase, it was agreed that the stock would be purchased in the name of H. O. Brown, and that the defendants would with Brown each own one-third of the stock. Brown gave his note to the Goltry Bank for $22,100, and in payment for the stock gave Vosburg his check on the Goltry Bank for $22,100. After the purchase the stock was divided; 28 shares being carried as property of Brown, 28 shares for one of the defendants, and 29 for the other. The $22,-100 note was placed in the Goltry Bank, and the defendants gave checks and put up securities held by them in the Bank of Goltry sufficient to take care of their part of the $22,100 note, and Brown gave a new note for his part of the $22-100. The defendant Harold A. Appelget, about the time the purchase was concluded, resigned as director and of-

ficer of the Goltry Bank, and became president of the La-
homa Bank when it was taken over. H. O. Brown became
its cashier. The records of the Bank of Goltry do not show
the complete transaction. Two pages of the day book are
missing, and the entry of the $22,100 note is shown by num-
ber only; the amount and other data relating thereto not
being entered. The defendants were indicted under the
provisions of section 4127, Comp. St. 1921, charging them
with larceny; the allegation being:

"That said Harold A. Appelget was then and there an
active managing officer of the said bank of Goltry, to wit:
A director of said bank, and that they, the said Harold A.
Appelget and J. Alan Appelget, * * * did unlawfully, will-
fully, fraudulently, and feloniously borrow from said bank-
ing corporation of which they were active managing of-
ficers as aforesaid the sum * * * in the manner and form
as follows, to wit: That said Harold A. Appelget and
J. Alan Appelget and H. O. Brown * * * did enter into an
agreement whereby said H. O. Brown was to act as an in-
termediary for said Harold A. Appelget and J. Alan Ap-
pelget for the purpose of borrowing $22,100 from said
bank; that, pursuant to said agreement and understanding,
said H. O. Brown did then and there make and execute a
certain note as principal maker and said Harold A. Appel-
get as surety, * * * and the said H. O. Brown did then
and there sell and deliver said note to said bank, and the
said Harold A. Appelget and J. Alan Appelget, as said
active managing officer of said bank, did then and there
* * * purchase said note, using in payment of said note
the moneys and funds of said Bank of Goltry; that the pro-
ceeds of said note * * * were then and there used by the
said Harold A. Appelget, J. Alan Appelget, and H. O.
Brown in purchase of 85 shares of the capital stock of * * *
the Farmers' State Bank of Lahoma, which said capital
stock assigned to said Harold A. Appelget and J. Alan Ap-
pelget and H. O. Brown * * * that said note for $22,100
executed by the said H. O. Brown * * * was in truth and
fact an accommodation note made and executed and de-
livered by the said H. O. Brown for the use and benefit of
the said Harold A. Appelget and J. Alan Appelget. * * *
That in truth and fact the proceeds of the note of $22,100

of the moneys and funds of said bank were used by said Harold A. Appelget and J. Alan Appelget for their own use and benefit. * * *"

Upon the trial the defendants were convicted and sentenced to serve a term of one year in the state penitentiary.

Assignments of error are argued as follows: First, the insufficiency of the indictment, particularly as to the defendant J. Alan Appelget; second, the admission of incompetent evidence on the part of the state.

Upon the first assignment it is argued that the indictment confuses the general larceny statute (section 2101), and the special form of larceny set out in the banking law ('section 4127); that the indictment is so indefinite and contradictory that a person of ordinary understanding cannot tell what was intended to be charged. And, as to the defendant J. Alan Appelget, it does not charge that he was an active manager of the bank, as required in section 4127, and it therefore does not charge an offense as against him.

The indictment in its concluding part charges the elements of general larceny under section 2101 in alleging that the defendants did by fraud and stealth take, steal, and carry away the sum of $22,100 of the money and personal property of the bank, with the fraudulent and felonious intent to permanently deprive the true and lawful owner, the Bank of Goltry, thereof. This was mere surplusage, as the indictment is for the special larceny defined by section 4127.

The indictment is far from being a model pleading, and is to some extent contradictory in its allegations. It does, however, contain all the essential averments against each of the defendants to charge the crime created by section 4127, supra. Certainly the indictment was sufficiently definite that any person of ordinary understanding could understand that the defendants were charged as active managers of the Bank of Goltry with making an indirect

loan to themselves through H. O. Brown. The charge is made with sufficient particularity to enable them to prepare for trial, and, if convicted or acquitted, to defend themselves, if again indicted for the same offense. Star v. State, 9 Okla. Cr. 210, 131 P. 542; Price v. State, 9 Okla. Cr. 359, 131 P. 1102; Arnold v. State (Okla. Cr. App.), 132 P. 1123; Bynum v. State, 32 Okla. Cr. 103, 240 P. 150; Jackson et al. v. State, 31 Okla. Cr. 30, 237 P. 129.

Upon the second assignment, i. e., the admission of incompetent evidence on the part of the state, the complaint is directed to the admission in evidence of certain books and records of the Bank of Goltry, explanatory of the connection of the defendants with the bank and the transaction in reference to the $22,100 note. The identification of the books and records may not have been as complete in some particulars as they should have been, but both the state and the defendant apparently were satisfied and read excerpts from the records without objection. The state, before concluding its evidence, offered the original records in evidence, and objection on the ground of competency was made and overruled. It would have made no particular difference whether or not the entire record had been offered in evidence since the witnesses had testified to what was shown by the records and extracts had been submitted and read to the jury. There was no prejudicial error in admitting the bank's records. The bank's books and records, kept in due course of business under the general supervision of the defendants, when properly identified as such, were admissible against them. Appelget v. State, 33 Okla. Cr. 141, 242 Pac. 1056.

Upon examination of the entire record this court is led to the irresistible conclusion that under the record it was clearly proven that the defendants as active managing officers of the Bank of Goltry made an indirect loan to themselves. We fail to see how the jury could have found otherwise. There is ample evidence to sustain the verdict.

The case was fairly tried, and the issues fairly submitted.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.