## J. C. McCLURE v. STATE.

No. A-6281.   Opinion Filed March 30, 1929.
(275 Pac. 1073.)

For former opinion, see 39 Okla. Cr. 57, 263 Pac. 161.

Guy D. Talbot, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted in the district court of Alfalfa county, of the crime of receiving a deposit in an insolvent bank, knowing the said bank to be insolvent, and while acting as the president of said bank, and was sentenced to serve a term of five years in the penitentiary and to pay a fine of $5,000. From the judgment and sentence, the defendant appealed to this court for review by petition in error and case-made, which petition in error and case-made were filed on June 21, 1926.

The plaintiff in error not having filed a brief within the time, on January 21, 1928, an opinion by this court affirming the judgment of the trial court was rendered. 39 Okla. Cr. 57, 263 P. 161.   February 8, 1928, a petition for rehearing and brief in support of the same were filed by the defendant.   Defendant, in support of his petition for rehearing and reversal of this case, urges several grounds for reversal—the first assignment of error being, that the court erred in overruling his motion to set aside the indictment; the second ground being the court erred in overruling the demurrer to the information.   An examination of the indictment shows that it properly charged an offense against the defendant of receiving money in his bank, knowing the same to be insolvent, and the motion of the defendant to set aside the indictment and his demurrer to the same was properly overruled.

Defendant in his third assignment of error urges the court erred in admitting incompetent, irrelevant, immaterial, hearsay, secondary, and prejudicial evidence offered in behalf of the state, over the objection of the plaintiff in error duly made at the time.   The testimony in this case is sufficient to show that, when the deposit was received by the defendant for his bank, as charged in the information, the defendant knew that

the bank was insolvent, and that it had for several days prior thereto failed to meet its outstanding drafts and to make the proper remittances due other banks, correspondents of the Bank of Ingersoll, of which bank the defendant was an officer.

Defendant argues at length that the money alleged to have been deposited by Mrs. Sophia Smith was not a deposit. An examination of Mrs. Smith's testimony shows that, after considerable conversation with the defendant, she consented to leave the $3,000 as a deposit in the bank, and that the defendant in the case gave her a deposit slip showing the amount of money she had deposited. The testimony of Mrs. Smith further shows she had a deposit in the bank at the time the bank closed of $4,300, including the $3,000 item. The testimony of Mrs. Smith clearly shows that the money was left on deposit as alleged in the information, and it further tends to show that the defendant, at the time she left the money on deposit, assured her that the bank was solvent, and that he called Mr. Stine, and stated to Mrs. Smith that Mr. Stine was one of the richest men in that section of the state. We cannot agree with the argument of the defendant that the testimony was not sufficient to show that the money was left on deposit in the bank.

It is further argued by the defendant that the court erred in permitting the state to offer, over the objection of the defendant, testimony of individual transactions of Mrs. Margaret Wagoner and J. F. Bolte at some time prior to the failure of the bank. The defendant does not cite any authorities in support of his contention. After a careful examination of the testimony of Mrs. Wagoner, and all of the testimony in the case, we hold its admission did not prejudice the rights of the defendant.

It is next urged by the defendant that the court erred in permitting the state, over the objection of the defendant, to offer in evidence Exhibits B to B38, inclusive. We do not think that the proper predicate was laid by the state for the introduction of the exhibits, many of them not being properly identified before being introduced in the record, yet, after a careful examination of all the testimony in the record, the exhibits were only cumulative and did not tend to establish any fact that had not heretofore been testified to by direct and competent testimony.

The defendant, in support of his contention that the Exhibits B to B38, inclusive, were improperly admitted, cites the case of Appelget et al. v. State, 33 Okla. Cr. 136, 243 P. 255. We do not think the contention of the defendant is borne out by the facts in the case or the ruling of the court based thereon. In the case at bar no testimony was offered by the defendant. The testimony of the state conclusively shows that the defendant was an officer of the bank at the time the deposit was made by Mrs. Sophia Smith, and the testimony complained of by the defendant, contained in the exhibits offered, only tended to show correspondence between the different banks and the Bank of Ingersoll, which correspondence and exhibits were found in the records and files of the Bank of Ingersoll at the time it was taken over by the banking department of the state. There was no prejudicial error in admitting the exhibits complained of by the defendant.

In Lowdermilk v. State, 11 Okla. Cr. 281, 145 P. 1110, in the third paragraph of the second syllabus, this court said:

"The admission of incompetent evidence does not necessarily justify the reversal of a conviction

where there is competent evidence in the record which conclusively establishes the guilt of the accused, and no defense whatever is offered."

In Pate v. State, 15 Okla. Cr. 90, 175 P. 122, in the third paragraph of the syllabus, this court said:

"In this state the burden is upon the defendant on appeal, not only to show that the court erred in the admission of the evidence, but also in addition thereto, to satisfy this court that the admission of such evidence injured the defendant substantially."

The defendant urges that instructions Nos. 13 and 16 are grievously erroneous, and especially under all the circumstances existing in this case and surrounding its trial, and he states that both of these instructions inform the jury that, in case they find the defendant guilty, it is the duty of the jury to fix the punishment, citing in support of his contention Chandler v. State, 3 Okla. 254, 105 P. 375, 107 P. 735.

In the Chandler Case, in the fifth paragraph of the syllabus, the court held:

"An instruction to the jury to fix the punishment on conviction, when not requested by the defendant, is improper; but the verdict will not be set aside for that reason alone, when it appears that the punishment fixed was not excessive, and no showing is made that the defendant had been in any manner injured."

In the body of the opinion the court said:

"We agree with the counsel that under this section the court should not have directed the jury to fix the punishment unless the defendant requested it. But did the action of the court in so directing the jury prejudice the rights of the defendant? If it did, this case should be reversed for that reason; if not, the case should not be reversed. Under this section the jury had the right to fix the punishment, whether the court so directs or not. They must fix the punish-

ment if the defendant requests it. If the court had not so instructed the jury, they could have, and might have, fixed the punishment. Under the statute, and under the instructions of the court, they could have fixed the punishment at three years' imprisonment. The .verdict was for two years. There is nothing in the record to indicate to this court that, if the jury had not fixed the punishment, the court would have given a lighter sentence, and since the jury could have fixed the punishment without the instruction, and there being no showing and no contention made here that the punishment is excessive, we do not believe the defendant was prejudiced by the instruction."

Section 2750, Comp. Stat. 1921, is as follows:

"In all cases of a verdict of conviction for any offense against any of the laws of the State of Oklahoma, the jury may, and shall upon the request of the defendant, assess and declare the punishment in their verdict within the limitations fixed by law, and the court shall render a judgment according to such verdict, except as hereinafter provided."

Under the section above quoted, the jury has the right to fix the punishment whether the court so directs or not. If the court had not instructed the jury, it could have, and might have, fixed the punishment. In this case there is nothing in the record to indicate that if the jury had not fixed the punishment, the court would have given a lighter sentence, and, since the jury could have fixed the punishment without an instruction, and in the absence of any showing that the punishment fixed by the jury was excessive, we do not believe defendant was prejudiced by the instructions.

The record in this case is voluminous, covering more than 2,000 pages. After a careful examination and study of the record, the court finds that the indictment is sufficient; that the testimony is sufficient

to support the judgment; that the instructions fairly stated the law applicable to the case and were fair to the defendant; that no fundamental or prejudicial error was committed by the court in the trial of the case.

Finding no errors in the record sufficient to reverse the case, the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.