STATE OF NORTH CAROLINA v. ALEXANDER BRINSON

No. 6916SC334

(Filed 2 July 1969)

**1. Bribery § 3—    bribery of deputy sheriff — instructions — misstatement of the evidence**

   In prosecution charging defendant with the felony of offering a $25 bribe to a deputy sheriff in order to influence him to permit defendant to

operate a whiskey still, trial court's inaccurate statement, in recapitulating the evidence of the State, that there were "five hundred gallons of mash at the still site, ready to be run" does not warrant reversal, since the amount of mash fermenting at the site is not a material fact of the offense charged.

**2. Bribery § 1— elements of the offense**

The elements of the offense of bribing a public officer are (1) offering a sum of money (2) to a public officer (3) with corrupt intent to influence the recipient's action as a public officer in the discharge of a legal duty.

**3. Criminal Law § 113— recapitulation of evidence — inadvertence**

An inadvertence in recapitulating the evidence must be called to the trial court's attention in time to permit correction.

APPEAL by defendant from *Bailey, J.,* December 1968 Session, SCOTLAND County Superior Court.

Alexander Brinson (defendant) was charged in a proper bill of indictment with the felony of offering a bribe in the amount of $25.00 to a Scotland County deputy sheriff in order to influence him to permit the defendant to operate a whiskey still. The defendant entered a plea of not guilty to the charge. The jury returned a verdict of guilty. From the imposition of a sentence of not less than one year nor more than five years, the defendant appealed to this Court.

*Attorney General Robert Morgan, Deputy Attorney General Jean A. Benoy and Special Assistant Thomas J. Bolch for the State.*

*Walter J. Cashwell, Jr., for defendant appellant.*

CAMPBELL, J.

The defendant assigns as error a portion of the trial judge's charge to the jury, wherein the trial judge, in recapitulating the evidence and the contentions of the State, referred to "five hundred gallons of mash at the still site, ready to be run". The defendant contends that there was no evidence in the record pertaining to any quantity of mash at the still site.

The evidence on behalf of the State was to the effect that Scotland County Deputy Sheriff Wayne Davis, Jr., located the still in question. Although no manufactured liquor was found at the site, he did find mash which was in the process of fermenting. Upon learning that the still had been located, the defendant gave the deputy sheriff $25.00 for the purpose of getting the deputy sheriff to take no

action with regard to this still, to permit the defendant to complete the run of mash which was in the process of fermenting, and to thereafter permit the removal of the still. There was no evidence as to the amount of mash found at the site and no testimony concerning five hundred gallons.

[1]     The defendant contends that the reference to "five hundred gallons of mash" was prejudicial to him, and in support thereof he refers to the following statement contained in *State v. McCoy*, 236 N.C. 121, 71 S.E. 2d 921:

> ". . . While an inaccurate statement of facts contained in the evidence should be called to the attention of the [trial] court during or at the conclusion of the charge in order that the error might be corrected, *a statement of a material fact* not shown in the evidence constitutes reversible error. . . ." (Emphasis added)

[2]     The defendant, however, was not being tried for illegally manufacturing whiskey. He was charged with and tried for offering a bribe to a public officer. The elements of this offense are (1) offering a sum of money (2) to a public officer (3) with corrupt intent to influence the recipient's action as a public officer in the discharge of a legal duty. *State v. Greer*, 238 N.C. 325, 77 S.E. 2d 917; *State v. Noland*, 204 N.C. 329, 168 S.E. 412.

[1, 3]     The evidence disclosed that the defendant gave $25.00 to Wayne Davis, Jr., with the knowledge that he was a deputy sheriff and with the intent to dissuade him from interrupting the illegal manufacture of whiskey by the defendant. The amount of mash fermenting at the site had no bearing on the crime charged in the bill of indictment. Therefore, the amount of mash fermenting at the site was not "a statement of a material fact". It thus follows that the misstatement by the trial court of the evidence, with particular regard to the reference to "five hundred gallons of mash", was an inadvertence, and such inadvertence should have been called to the trial court's attention in time to permit correction. *State v. Cornelius*, 265 N.C. 452, 144 S.E. 2d 203; 3 Strong, N.C. Index 2d, Criminal Law, § 113, p. 10.

Affirmed.

BROCK and MORRIS, JJ., concur.