STATE OF NORTH CAROLINA v. CHARLES STANLEY

No. 7329SC702

(Filed 14 November 1973)

1. Bribery § 1— elements of the offense

The elements of the offense of bribing a public officer are (1) offering a sum of money (2) to a public officer (3) with corrupt intent to influence the recipient's action as a public officer in the discharge of a legal duty.

2. Bribery §§ 2, 3— bribery of police officer — sufficiency of alleged acts to constitute offense — sufficiency of indictment, evidence

In a prosecution for bribery of a public officer where the evidence tended to show that defendant offered a police officer money in return for a breathalyzer test report pertaining to a third person and additional money upon entry of a *nolle prosequi* in the case against the third person, the conduct attributable to defendant was calculated with corrupt intent to influence the officer's action as a public official in the performance of official duty required of him in that it was an attempt to induce the officer to abandon his duty to aid in the prosecution of the third person's case and to persuade the officer to violate his duty to aid in preserving evidence; therefore, the alleged offers of defendant were bribery, acts alleged in the indictment were sufficient, and evidence was sufficient to withstand motion for nonsuit.

APPEAL by defendant from *Winner, Judge,* 3 May 1973 Session HENDERSON Superior Court.

Defendant was charged in a bill of indictment with the felony of offering a bribe to a public officer. He entered a plea of not guilty, was found guilty as charged, and from judgment imposing a prison term of not less than two nor more than five years, he appealed.

*Attorney General Robert Morgan by Associate Attorney General Howard A. Kramer for the State.*

*Redden, Redden & Redden by Monroe M. Redden, Jr., for defendant appellant.*

BRITT, Judge.

Defendant assigns as error the denial of his motion to quash the bill of indictment, the denial of his motions for judgment as of nonsuit interposed at the close of the State's evidence and at the close of all the evidence, the portions of the charge to the jury. All of defendant's assignments are based upon the conten-

State·v. Stanley

tion that the indictment does not charge, and the evidence does not show, that he .offered a bribe· to influence· a public official in the performance of his *official duty*.

The indictment upon which the defendant was tried, in pertinent part, reads: ,

" * * * The legal duty of the officer was to serve criminal warrant on Raymond Patrick Weaver, and to arrest said Weaver and bring him before the District Court of Henderson County on the 18th day of May, 1971 to be dealt with according to law as ordered by Magistrate J. H. Bruton, said Weaver being charged on the 29th day of April, 1971 with unlawfully, wilfully operating a vehicle on the public highways of the State of N. C. in Henderson County while under the influence of intoxicating liquor. Circumstances surrounding the corrupt intent of Charles Stanley to influence Officer McCraw was [sic] that Charles Stanley offered Officer McCraw the sum of $250.00 in return for McCraw's obtaining the above mentioned warrant and breathalyzer report and delivering same to Charles Stanley prior to the trial of said Weaver, the Warrant being the only process upon which Weaver could be tried for driving under the influence, and further, that Charles Stanley offered the further sum of another $250.00 to Officer McCraw upon the dismissal of charges against the said Weaver. The said offers were made after Magistrate Bruton had ordered Officer McCraw to bring said Weaver before the Henderson County District Court to be dealt with according to law on the above mentioned charge. The defendant at ·the time of the offense here-in-above mentioned knew McCraw was a. police officer, against the form of statute in such made and provided and against the· peace and dignity of the State."

The evidence viewed ·in the light most favorable to the State, as required on the motion for judgment as· of nonsuit, tends to show: On 29 April 1971 Officer Alvin R. McCraw of the Hendersonville police force stopped Raymond Patrick Weaver and cited him to court for driving under the influence of intoxicating liquor. McCraw placed Weaver in the county jail· and immediately went before a magistrate, swore to and obtained a warrant charging Weaver with the offense. On the same day he served the warrant upon Weaver and made his return. The warrant and the report of a breathalyzer test made at

the time of Weaver's arrest were filed with the Clerk. On 5 May 1971, while Officer McCraw was in defendant's restaurant, defendant approached McCraw and offered him $500 if he would drop the charges against Weaver for driving under the influence. Later in the same day, defendant telephoned McCraw and told him to get the warrant and breathalyzer reading and bring them to his restaurant, at which time he would give him the money. McCraw told the defendant that he could not get the warrant and breathalyzer reading. Defendant replied that he would give McCraw $250 then and $250 when the case was nol prossed. On two other occasions the defendant telephoned McCraw and told him to come and get the money.

The judge in his charge to the jury stated, "The Court will charge you that if you find from the evidence, beyond a reasonable doubt, that the defendant offered McCraw $500.00 to dispose of the case against Mr. Weaver or to bring him the warrant and breathalyzer report of Mr. Weaver's case, then the defendant would be guilty of this charge."

Defendant argues that custody and possession of the warrant and breathalyzer report being beyond the control of Officer McCraw, the alleged conduct of defendant did not tend to influence McCraw in the performance of an act or duty within the scope of his authority. Defendant relies upon the case of *State v. Greer*, 238 N.C. 325, 77 S.E. 2d 917 (1953), where Justice (later Chief Justice) Parker in speaking for the court said: "For the indictment to be good it must appear from the indictment that the offering of a bribe to D. C. Safriet, Jr., a State Highway Patrolman, was to influence Safriet in the performance of some act, which lay within the scope of his official authority, and was connected with the discharge of his legal and official duties, and allegations to that effect must be definite and particular in statement, and not mere conclusions."

We do not think *Greer* controls the case at bar. We interpret *Greer* to hold that where an indictment in a bribery case charges a defendant with attempting to influence a police officer in the performance of his official duties, the indictment, to be valid, must allege the official duty or duties which the defendant attempted to prevent the officer from performing and "allegations to that effect must be definite and particular." The bill of indictment in the case at hand alleges in detail the acts that defendant was attempting to influence Officer McCraw to perform.

In *Greer*, page 328, on the question of defining bribery, we find:

". "Our statute as to offering bribes is G.S. 14-218 'if any person shall offer a bribe, whether it be accepted or not, he shall be guilty of a felony.' This statute neither defines bribery, nor sets forth its essential elements.

\* \* \* \*

"The essence of bribery 'is the prostitution of a public trust, the betrayal of public interests, the debauchment of the public conscience.' Ex parte Winters, 10 Okla., Crim. Rep. 592, 140 P. 164, 51 L.R.A. (N.S.) 1087.

"Bribery may be defined generally as the voluntary offering, giving, receiving or soliciting of any sum of money, present or thing of value with the corrupt intent to influence the recipient's action as a public officer or official, or a person whose ordinary profession or business relates to the administration of public affairs, whether in the legislative, executive or judicial departments of government in the performance of any official duty required of him. The bribe must be intended, however, to influence the recipient in the discharge of a legal duty, and not a mere moral duty." (Citations.)

[1] In *State v. Brinson*, 5 N.C. App. 290, 168 S.E. 2d 228 (1969), this court held that the elements of the offense of bribing a public officer are (1) offering a sum of money (2) to a public officer (3) with corrupt intent to influence the recipient's action as a public officer in the discharge of a legal duty.

[2] Admittedly, in the case at hand, Officer McCraw was not the legal custodian of the warrant and breathalyzer report pertaining to Weaver and had no authority to "drop" or *nol pros* the charge against Weaver. Nevertheless, we think the conduct attributable to defendant was calculated with corrupt intent to influence McCraw's action as a public official in the performance of "official duty required of him."

The limited number of bribery cases that have reached the appellate division of our State provide little guidance on the question confronting us. However, our holding finds support in other jurisdictions. In *State v. Ellis*, 33 N.J.L. 102, 105, 97 Am. Dec. 707, 710 (1868), the New Jersey Court said:

"* * * If the common council of Jersey City had not authority to grant the application referred to, the act of the defendant in endeavoring to procure the grant asked for was only the more criminal, because he sought, by the corrupt use of money, to purchase from council an easement which they had no authority to grant. He thereby endeavored to induce them to step beyond the line of their duty, and usurp authority not committed to them. The gist of the offence is said to be the tendency of the bribe to pervert justice in any of the governmental departments, executive, legislative, or judicial."

More recently the New Jersey Court in *State v. Begyn,* 34 N.J. 35, 47, 167 A. 2d 161, 167 (1961), said: "* * * It is not necessary that the act requested be one which the official has authority to do. Sufficient it is if he has official power, ability or apparent ability to bring about or contribute to the desired end * * * ."

The legal duty of an arresting officer does not end when he arrests and obtains a warrant for a defendant. In *State v. Austin,* 65 Wash. 2d 916, 924, 400 P. 2d 603, 608 (1965), we find:

"Police officers have many official duties, among which is the investigating of crime and presenting of evidence in its prosecution. That the investigation has been completed and the avails thereof turned over to the prosecuting attorney for prosecution, does not, we think, sever the investigating officer's official connection with the case. Nor does the fact that the prosecuting attorney assumes the primary responsibility for and control of the prosecution once a criminal charge has been filed end the investigating officer's official connection with the case. The policeman's function as a public officer, duty bound in law and oath to uphold and enforce the law, persists throughout all stages of a criminal proceeding until final adjudication thereof in the courts. The payment of money to a police officer for the purpose of inducing a breach of duty in connection with a criminal charge of which a police officer possesses information and may give competent evidence, or to dissuade him from seeking or obtaining evidence in the performance of his official duties, constitutes bribery under RCW 9.18.010."

*Williams v. State,* 178 Wis. 78, 189 N.W. 268 (1922), decided along the same lines, said that the court could take judicial notice that after the service of the warrant, the duties of the officer would continue and among these duties would be the gathering of evidence and serving of subpoenas.

Certainly it is a duty of an arresting officer to give testimony in the trial of the case and aid the prosecution in other ways. While an arresting officer does not have the authority to "drop" charges or enter a *nolle prosequi,* his recommendations can be very persuasive in influencing the prosecuting attorney to take that action. The evidence in the case at hand tended to show that defendant attempted to induce McCraw to abandon his duty to aid in the prosecution of Weaver's case.

It is also the duty of a police officer to aid in the preservation of evidence against a defendant that he has arrested. The offer of money in return for the breathalyzer report in this case was a clear attempt to deprive the court of essential evidence, hence an offer to persuade McCraw to violate his duty to aid in preserving evidence.

We therefore conclude that in each instance the alleged offer of the defendant would be bribery and that the acts alleged in the indictment are sufficient, that the evidence was sufficient to withstand the motions for judgment as of nonsuit, and that there was no error in the charge.

No error.

Judges PARKER and HEDRICK concur.