STATE, Respondent, v. ROSENFELD, Appellant.

Supreme Court

*No. 77-249-CR. Submitted on briefs December 5, 1979.— Decided January 8, 1980.*
(Also reported in 286 N.W.2d 596.)

326

For the appellant the cause was submitted on the briefs of *William M. Coffey, Dennis P. Coffey* and *Coffey & Coffey* of Milwaukee.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Maryann S. Calef,* assistant attorney general.

COFFEY, J. This is an appeal from a judgment of conviction in the Racine County Court. Abner Rosenfeld (hereinafter the defendant), a real estate developer in the Town of Caledonia, was charged with bribery of public officers and employees, pursuant to sec. 946.10 (1), Stats.[1]

---

[1] "946.10 **Bribery of public officers and employees.** Whoever does either of the following is guilty of a Class D felony:

At the trial Mrs. Virginia Healy testified that prior to her election to the Town Board she knew the defendant but had little contact with him outside of his business transactions with her in the capacity as Town Clerk. However, following her election to the Town Board, she stated that the frequency of her contacts with the defendant increased and they discussed many town matters which directly affected the defendant's substantial real estate holdings. Mrs. Healy further testified that on August 31, 1971 the defendant had lunch at her home and after he left she found a white envelope containing five $100 bills next to his plate. She stated that no mention of money was made during the luncheon, but they discussed her pending vacation trip to India. Mrs. Healy said she placed the money in her safety deposit box until sometime in September when she returned the money to the defendant. However, prior to returning the money, she testified the defendant asked her, and she refused, to introduce a resolution at a town board meeting limiting future developments of the federally funded TITLE 235 housing projects[2] in the Town of Caledonia.

Contradicting her testimony, the defendant testified that he physically handed the envelope, containing the gift of money, to Mrs. Healy with instructions that she use it "to enjoy herself in India." He also stated that he gave the gift to Mrs. Healy at his wife's suggestion and upon the return of the money his wife again suggested giving her two monogramed suitcases for use on her trip. She accepted the travel bags. The defendant denied ask-

"(1) Whoever, with intent to influence the conduct of any public officer or public employe in relation to any matter which by law is pending or might come before him in his capacity as such officer or employe or with intent to induce him to do or omit to do any act in violation of his lawful duty transfers or promises to him or on his behalf any property or any personal advantage which he is not authorized to receive; or"

[2] Homes which are financed by the federal government under the 235 federal housing program. 12 U.S.C., sec. 1715z.

ing Mrs. Healy to introduce an anti-TITLE 235 HOUS-ING RESOLUTION and also denied that he had intended to influence her with the gifts.

Helen Schutten, the successor Caledonia Town Clerk, testified that an anti-TITLE 235 HOUSING RESOLU-TION was subsequently introduced at the June, 1972 Town Board meeting by another board member. The defendant objected to the admission of the resolution on the grounds that it was immaterial and prejudicial to the defendant. The court allowed the evidence to be received but cautioned the jury that ". . . this document in no way is to be used by you or to be considered by you for the purpose of showing a connection between the super-visor who put the motion for a 235 housing bill or to eliminate it, whichever his motion is for, and the defend-ant in this case.

"It should not be considered by you, as a jury, that this in any way establishes a connection between the defend-ant and Marcel Dandeneau [the board member who in-troduced the ordinance]."

*Issues*

1. Whether the trial court erred in admitting into evidence an anti-TITLE 235 HOUSING RESOLUTION by another board member introduced at the June, 1972 board meeting as this evidence was irrelevant and preju-dicial and it should have been barred pursuant to sec. 904.03, Stats., as the danger of prejudice outweighed its probative value?

2. Was the failure of the court to order the reporting of all discussions and arguments of counsel during the trial a violation of sec. 256.55, Stats., and thus grounds for a new trial?

3. Did the conduct of both counsel and the court de-prive the defendant of a fair trial?

4. Did the prosecution wrongfully imply a fact not in evidence when it inquired into the relationship between

the defendant and an attorney present at the June, 1972 board meeting?

5. Was there sufficient evidence adduced at the trial to support the jury's verdict of guilty?

On appeal the defendant contends that the trial court erred in permitting the introduction of an anti-TITLE 235 HOUSING RESOLUTION by another board member with whom he had no contact. It should be pointed out that the resolution was identical and similar to the one the defendant allegedly asked Mrs. Healy to introduce. The defendant claims the evidence was not relevant, pursuant to sec. 904.01, Stats.,[3] or alternatively, if relevant, it should have been barred, pursuant to sec. 904.03, Stats.,[4] as the danger of prejudice outweighed its probative value.

In this case, evidence that an anti-TITLE 235 HOUSING RESOLUTION, identical and similar to the one the defendant allegedly asked Mrs. Healy to introduce, was later introduced by another board member at the June, 1972 board meeting establishes one of the elements of sec. 946.10(1), Stats., that the matter ". . . *by law is pending or might come before him in his capacity as such [public] officer or employee. . . .*" (Emphasis supplied.) Sec. 946.10(1), Stats., reads:

"**946.10 Bribery of public officers and employees.** Whoever does either of the following is guilty of a Class D felony:

---

[3] "904.01 **Definition of 'relevant evidence'.** 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

[4] "904.03 **Exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time.** Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

"(1) Whoever, with intent to influence the conduct of any public officer or public employe in relation to any matter which by law is pending or might come before him in his capacity as such officer or employe or with intent to induce him to do or omit to do any act in violation of his lawful duty transfers or promises to him or on his behalf any property or any personal advantage which he is not authorized to receive; or"

Furthermore, prior to the admission of the evidence the trial court took extra precautions and instructed the jury that the evidence must not be used to connect the defendant with the board member who introduced the resolution, and thus eliminated the danger of possible prejudice to the defendant. Therefore, we hold the evidence relevant for purposes of showing that the resolution was the type of matter that "by law is pending or might come before" Mrs. Healy, a town board member, and not so prejudicial as to outweigh its probative value. The only other possible grounds for exclusion of the evidence would have been the lapse of time between the introduction of the resolution at the June, 1972 board meeting and the date the defendant allegedly attempted to influence Mrs. Healy. However, the decision to bar evidence on grounds of remoteness is a matter within the sound discretion of the trial court. Remoteness in point of time does not necessarily render evidence irrelevant unless the lapse in time is so great as to negate all rational or logical connection between the fact sought to be proven and the evidence offered to prove it. *Rausch v. Buisse*, 33 Wis.2d 154, 166, 146 N.W.2d 801 (1966). We hold that the period of time between the introduction of the resolution at the June, "72" board meeting and the alleged attempt to influence Mrs. Healy was not so great as to negate its relevancy and thus the trial court did not abuse its discretion when allowing the admission of the evidence in its limited scope.

Secondly, the defendant contends that the trial court failed to comply with the mandate of sec. 256.55(4), Stats.,[5] in not having all conversations and discussions between the court and counsel reported on the record. The defendant alleges that this oversight or failure of the trial court deprives an appellate court of the opportunity to conduct a proper review of the trial court record. Sec. 256.55(4), [renumbered sec. 757.55(4)] Stats., does not require that all proceedings in a trial court be reported. Sub. (4) only requires that *arguments of counsel on motions made during the course of trial* be reported. The excerpts cited by the defendant in his brief do not involve arguments concerning motions made during trial but concerned only those discussions between counsel and the court only for clarification purposes of a matter before the court, thus it is not required that it be reported, pursuant to sec. 256.44(4). Furthermore, it was not the trial court's duty to *sua sponte* order the reporting of any off-the-record discussions. If the defendant's attorney considered the clarification discussions held off the record to be so important for a "reasoned review" [proper review] of the trial court's record, then it was the attorney's obligation, and not the court's, to request that these matters be reported in order to preserve the record for appeal. Thus, the defendant cannot rely on this omission in reporting as a basis for appeal.

Thirdly, the defendant contends that the conduct of both counsel and the court created an atmosphere that

[5] Sec. 256.55(4) is now renumbered 757.55(4). The content remained unchanged and reads as follows:

"757.55 **Reporting testimony.** (1) . . .

"(4) Arguments of counsel on motions made during the course of trial shall be reported, but such arguments on motions made before or after trial need not be reported except upon order of the court."

denied the defendant a fair trial. While at times counsel engaged in spirited debates with each other, in the presence of the jury, their conduct did not overreach the boundaries of zealous advocacy. Likewise, the court maintained an impartial and unbiased position throughout the trial. Upon our review of the record in this case, we hold that the conduct of the court and counsel was not such as to deny the defendant a fair trial.

Fourthly, the defendant contends that the prosecutor violated his duty as established in *State v. Dean,* 67 Wis.2d 513, 227 N.W.2d 712 (1975) by failing to follow up a question asked of the defendant which "implied the existence of a factual predicate which was never established upon the trial." Specifically, the defense counsel contends that the question concerning whether the defendant hired Attorney Crawford to represent his interest at the June, 1972 board meeting implies the existence of a relationship between the defendant and Attorney Crawford and thus the attorney represented the defendant's interest with regard to the anti-TITLE 235 HOUSING RESOLUTION. In *State v. Dean, supra,* the court held that a prosecutor has a duty to follow up his questions which imply the existence of certain knowledge by the defendant in order to guard against unwarranted inferences which may result from mere speculation by the prosecutor. The prosecutor's question in this case did not violate that duty because:

1. the defendant subsequently admitted that he had hired the attorney; and

2. the defendant stated that Attorney Crawford was at the board meeting on behalf of the defendant but on business unrelated to the resolution.

Thus, if there were any inferences from the prosecutor's questions which implied "the existence of a factual predicate [*i.e.,* a relationship between Mr. Rosenfeld and Attorney Crawford] which was never established upon

the trial," the inferences were directly answered or denied by the defendant. The defendant was given the opportunity during his testimony to deny, modify or admit the inferences and thus there was no need for the prosecutor to ask any further follow up questions. Therefore, we hold that the prosecutor's questions did not violate the guidelines of his responsibilities as set forth in *State v. Dean, supra.* However, even if the prosecutor's question was improper, it was harmless error because there was "sufficient evidence other than and uninfluenced by the inadmissible evidence which would convict the defendant beyond a reasonable doubt." *Wold v. State,* 57 Wis.2d 344, 356, 204 N.W.2d 482 (1973).

Finally, the defendant contends that there was insufficient evidence adduced at trial to support his conviction. A violation of sec. 946.10(1), Stats., is fully performed when the defendant either makes a promise to give or gives something of value for the purpose of influencing the action of a public official on a matter which by law is pending or might come before him or her. *Williams v. State,* 178 Wis. 78, 80, 189 N.W. 268 (1922). There is no question that the defendant gave Mrs. Healy, a Caledonia board member, something of value and discussed the resolution to limit anti-TITLE 235 HOUSING RESOLUTION with her. The defendant claims there was insufficient evidence to establish the necessary intent to influence.

Intent to influence may be established by circumstantial evidence. In *Ryan v. State,* 79 Wis.2d 83, 255 N.W.2d 910 (1977), this court upheld the conviction of a Milwaukee alderman for misconduct in office based on his acceptance of "Christmas" gifts from a restaurant owner following his nonopposition to a liquor license application. In that case we noted that the association between the alderman and the owner arose as a result of the alderman's public position and the alderman admitted accept-

ance and use of the gifts. Based on these facts, this court held that the "jury could reasonably infer that [the owner] *intended* to give the certificates for services rendered by [the defendant] in approving or rejecting the license application." (Emphasis supplied.) *Id.* at 93. Similarly, in *State v. Sawyer*, 266 Wis. 494, 63 N.W.2d 749 (1954) this court held:

". . . it was for the jury to weigh the testimony and determine for itself whether the purpose of the discount was to honor the claims of friendship or to secure the services of an alderman." *Id.* at 501.

Prior to her election to the town board, Mrs. Healy's contacts with the defendant were limited to her ministerial duties as the Caledonia Town Clerk, including the payment of taxes, recording and filing of the defendants real estate transactions. However, following her election to the Board, there is evidence that the nature and quantity of the defendant's contacts with her increased, including discussions of town matters which directly affected his real estate holdings. Moreover, the defendant admitted giving Mrs. Healy $500.00 and discussing the anti-TITLE 235 HOUSING RESOLUTION with her while she was a board member. Also, Mrs. Healy testified that a short period of time after receiving the money the defendant requested she introduce a resolution that would favor the defendant's land developments. While the defendant has denied that he intended to influence Mrs. Healy's actions or deliberations concerning the resolution, there is sufficient credible evidence to support the jury's inference that the defendant intended to influence a public official's actions. Therefore, we hold that there was sufficient evidence to support the jury's verdict and thus uphold the defendant's conviction.

*By the Court.*—Judgment affirmed.

CALLOW, J., took no part.