Tayior, Chief-Justice,
 

 delivered the opinion of the Court:
 

 An indictment ought to contain a description of the of-fence, which the prisoner is called upon to answer, expressed with plainness, brevity and perspicuity, and accompanied Avith those essential circumstances which concur to ascertain the fact and its nature. In the statement of these and of their specification, great strictness has always been required in favor of life j to a degree, indeed, that in the opinion of Sir MatheAV Hale, it had become the disease and reproach of the law. I cannot think it possible that any man can read this indictment, without receiving from it the impression, that the assault, the holding of the axe in both hands, and giving the mortal blow, were all parts of one and the same transaction, and that the last mentioned act followed immediately. The assault is stated to have been on the 4th November, and that
 
 “ then and there”
 
 the negro slave Abraham held the axe in his hands, with which he struck the blow : but the
 
 “ then and there”
 
 are not repeated as to the bloAV itself. If a person were asked, upon reading the indictment, Avhen and where the bloAV was given, he Avould assuredly answer,
 
 in the County of Wayne, and on the fourth day of November.
 

 The circumstances of place and time are however particularly required by the common law to be annexed to the Arery fact of striking, not by intendment or construction, but by express words
 
 ;
 
 in order that the oifeuce may ap
 
 *9
 
 pear to the Court to have been done within their jurisdiction, and that the death should appear to have taken place within a year and a day, computing from the time the blow was given: and another reason as to the time, was, that the forfeiture of the land related to the day of giving the blow\ That this was so, appears from Cotton’s case,
 
 *
 
 which is expressly in point, and from which there has been no departure in any modern decision that I can find. By this case and the series of decisions to the same effect, to be found in Hale and Hawkins, I should feel myself conclusively bound, without being at liberty to scrutinize the reasons of them, were it not for our act of 1811, ch. 6. which provides that it shall be sufficient to all intents and purposes, that the indictment shall contain the charge against the criminal, expressed in a plain, intelligible and explicit manner, and that no bill of indictment shall be quashed or judgment arrested, for or by reason of any informalities or refinements, when there appears to the Court sufficient in the face of the indictment, to induce them to proceed to judgment. If this act of Assembly is not always to sleep in the Statute Book, it never can be called into operation more fitly than in the present case 5 for undoubtedly, the charge is set forth in a plain, intelligible and explicit manner. The propriety of resorting to this act in the present case is more evident, when it is seen in the books, that the exception now taken has been been yielded to only <c in favor of life,” and that it would not prevail in an indictment for a misdemeanor. This proves, if proof were necessary, that an indictment may be
 
 intelligible
 
 and
 
 explicit,
 
 and contain sufficient to induce the Court to proceed to judgment, without the time and place being repeated as to the blow, if they had already been connected with the assault.
 

 • I wish not to be understood as expressing an opinion that the act cures any radical defects in an indictment, or that
 
 *10
 
 the time and place,
 
 when and where,
 
 the fact was commit-*ed, are no^ an essen^al Pal't °f it $ but I think they do appear by a rational and obvious constructionof this indictment
 
 ;
 
 and as it is only by a subtle and refined course of argumentation that the objection can be made perceptible to the mind, it is of that character which the act intended to cure — Let the reasons in arrest of judgment be overruled.
 

 *
 

 Cro. Eliz, 739.