Tayeok, Chief Justice.
 

 1Tiie act of 1825, on which this indictment is framed, is amendatory of the act of 1792, on th>' same subject — the principal defect of which seems to have been, that it made it criminal, only in tlie master or commander of any ship or vessel trading within this State, to carry out of this State, or to- conceal on board for that purpose, any slave the property of a citizen of this State. Now tiie offence might often be perpetrated.by persons belonging to the vessel, without the knowiege or privity of the master, whose vessel might thus be made subservient to the felonious carrying away the property, without any criminality in him. The same danger did not exist with regard to persons not belonging to the vessel
 
 •,
 
 for it was not probabletliat they could carry away, or conceal, in the vessel of another, this kind of property. The mischief to be guarded against was, that of some person belonging to the vessel, besides the captain, committing the act. The law accordingly is extended to the mariners, or any other person or persons trading, or being within this State. There are frequently on board vessels from the Northern and Eastern States, persons who bring articles for sale, and dispose of them on board, who are not, strictly speaking, mariners, though they may occasionally assist in working the vessel. They are nevertheless attached to the vessel, and have as much facility as tiie master or mariners,
 
 *363
 
 to commit the offence. TTiaf the L< gislatuie meant only to include persons attached to the \essel, is apparent, l think, from the consideration of the objects of' the act, following in the same clause, where they drop the words
 
 “
 
 trading or being within the State,” and say “ person or persons on board any such ship or vessel;” so that connecting the words together, they would read, if any master of any ship or vessel, mariner,'or any other person, trading, or being within the State, on board of any such ship or vessel.” From which I think it follows, that the indictment ought to hate described the prisoner as one of the persons artaehed tb the vessel, against whom the penalty of the law is denounced, and that the reasoning of the Judge who tried the came, leads to the conclusion, that the judgment ought to be arrested.
 

 Per Curiam. — Judgment affirmed.