Nash, J.
 

 Every indictment is a compound of law and fact, and must be so drawn, that the Court can, upon its inspection, be able to perceive the alleged crime. The offence, here intended to be charged against the defendants, is that of a riot; in their assembling in a tumultuous manner, in and about the dwelling house of Shed, and there making a great noise, using abusive and insulting language. , The gist of the offence consists in the defendants using such force and violence, as amounted to a breach of the peace, and the law requires, that, in indictments of this kind, the facts shall be so charged, as to show a breach of the peace, or acts directly tending to it, and not a mere civil trespass. Here, nothing but a civil trespass is charged. The indictment does riot State, that Shed or his wife, or any member of his family, was in the house or present, at the time the defendants were guilty of this improper conduct; and, indeed, for any thing that appears upon the record, the house was vacant. It is true, it is charged that the acts were committed, “ to the great damage and terror of the said Shed and his wife,” but a conclusion, cannot make an averment. Men may be guilty of a riot, in assembling together, to the number of three or more, and in a tumultuous and violent manner, breaking into a house, or demolishing it, or otherwise injuring it, though neither the owner nor any of his family be present; for that is, in
 
 *54
 
 itself, a breach of the public peace ; but the essence of the charge here is, not for any violence done to the dwelling house, but for riotously disturbing the owner in the quiet and peacable possession of it, and the charge is not made, with sufficient legal certainty, unless it appear, upon the face of the indictment, that the owner or his family were present to be so disturbed. In looking into the precedents, we find this principle to run through them ; thus Mr. Chitty in the 2nd vol. of his Criminal Law, page 505, in giving the form of an indictment against three persons, for a riot before the house of G. H., and shooting off a loaded gun, after setting out the iioutous conduct of the defendants, charges, “and thereby
 
 then
 
 and
 
 there,
 
 not only greatly terrified and alarmed the said G. H. and his family, and disturbed and disquieted them in the
 
 peacable
 
 and
 
 quiet possession, use,
 
 and
 
 occupation of the said dwelling house,
 
 &c.” It is very important, that the line of distinction, which separates a civil, from an indictable trespass, shall be kept as clear and distinct, as the nature of the offences will permit; and in' order to bring a trespass within the criminal jurisdiction of the Court, it must appear, on the face of the indictment, to amount to a violation of the Criminal Law,
 

 It is the opinion of this Court, that the judgment below, is erroneous, and that a certificate to this effect be sent to the Court below.
 

 Per Curiam. Ordered accordingly.