Battle, J.
 

 The question arising upon the appeal of the defendant, is whether the indictment, upon which he was convicted of an affray, is sufficient to sustain the judgment which was pronounced against him. “Every offense consists of certain acts done, or omitted under certain circumstances, and in an indictment for the offense, it is not sufficient to charge the defendant generally with having committed it, as that he murdered J.
 
 G.
 
 or stole the goods of J. S., or committed burglary in the house of J. S. or the like ; but all the facts and circumstances constituting the offense must be specifically set forth.” Arch. Grim. Plea. 41.
 

 There are some exceptions to this rule, founded upon the nature of the offenses: Thus, “1. Aman may be indicted for being
 
 “
 
 a common barretor ” without detailing the particulars of the barretry. 2. A woman may be indicted for being a “ common scold,” without detailing the particulars of her conduct. 3. A person may be indicted for keeping a common gambling house, or bawdy house, without stating the circumstances which it may be necessary to give in evidence to show that it is a house of that description. 4. In an indictment for the soliciting or inciting to the commission of a crime, or for aiding and assisting in the commission of it, it is not necessary to state the particulars of the incitement or solicitation, or the aid or assistance. In all other cases, every fact or circumstance, which is a necessary ingredient in the offense, must be set forth in the indictment.” Ibid 41, 42.
 

 An affray is defined to be a fighting of two or more persons
 
 *337
 
 in a public place to the terror of the citizens:
 
 State
 
 v.
 
 Allen,
 
 4 Hawks’ Rep. 356. This definition does not include every instance of an affray, as one person alone may be guilty of it by publicly riding or going armed offensively, to the terror and alarm of the peaceable citizens of the State. See 1 Hawk. P. C. ch. 63, sec. 2, 4; but it is sufficiently comprehensive to embrace the case now before us. An essential ingredient in the offense, as thus described, is that it is committed in a public place. If the fighting be in a private place, it is an. assault and battery merely, and not an affray;
 
 State
 
 v.
 
 Allen ubi supra.
 
 Arch. Crim. Plea. 451, citing 1 Hawk. P. C. ch. 63, sec. 1.
 

 It appears from this, that the indictment must charge a fighting or a being arrayed in a warlike manner in some public place, as in a public street or highway, and so are the precedents, Arch. Or. pi. 450.
 

 If the indictment charge that the parties “ to, with and against each other, did fight and make an affray to the nuisance of the citizens,” without stating that it was in a public place, they may both, or one alone, be convicted of assault and battery: See
 
 State
 
 v.
 
 Allen ubi supra.
 
 It follows from this that the present indictment cannot be sustained, because it omits to charge the facts and circumstances necessary to constitute the offense either of an affray or of a mutual assault and battery.
 

 Judgment arrested.
 

 Per Curiam:.