NEWMAN *v.* THE STATE.

*Simmons, C. J.*—1. Where three cases pending in a justice's court between the same parties were by consent consolidated and tried together "as one case," and judgment rendered therein, a mere verbal agreement between counsel for both sides that the attorney of the losing party "might appeal by consent" all three of those cases did not, although the presiding justice made an entry upon his docket of such agreement, amount in legal contemplation to entering an appeal therein, nor carry them to trial as upon an appeal lawfully made. After judgment, an appeal can only be entered by giving the bond and security required by the statute, or by entering the appeal *in forma pauperis.*  Code, §4157(a).

2. Under the law as above announced, the alleged appeal to a jury in the justice's court was void, and consequently there was no case lawfully pending in that court between the parties with

reference to which the offence of attempting to bribe the presiding justice could be committed. (Code, §4470.) This being so, the verdict of guilty, irrespective of other questions presented by the record, was contrary to law and ought to have been set aside.                              *Judgment reversed.*
December 2, 1895.

Indictment for misdemeanor. Before Judge Freeman. City court of Newnan. July term, 1895.

*F. S. Loftin,* for plaintiff in error.
*W. C. Wright, solicitor,* contra.