STATE v. J. WYNNE, et al.

*Indictment Under Section* 991 *of The Code—Public Offi-
cer—Unlawfully Receiving Compensation—Special Con-
stable—Justice of the Peace.*

1. An allegation in an indictment against a public officer for
   unlawfully receiving compensation for the performance of
   his duty that defendant "did receive and consent to receive"
   such compensation, is sufficient and is not defective because
   of the use of "and " instead of "or" as used in the statute.
   (Section 991 of *The Code.*)
2. One who undertakes to exercise, and does exercise the duties of
   an officer and receives the emoluments thereof, though his
   appointment is irregular or defective and his title defeasible,
   is bound to perform all its duties and is liable for malfeasance.
3. A justice of the peace may, under Section 645 of *The Code*, "in
   extraordinary cases," appoint any one, not a party, to exe-
   cute his mandate, and his decision is conclusive as to when
   such "extraordinary cases" arise for the exercise of such
   power.

INDICTMENT, under Section 991 of *The Code*, tried before
*Hoke, J.,* and a jury, at October Term, 1895, of ROBESON
Superior Court.   The defendants were convicted of receiv-
ing two dollars for releasing two offenders, who had been
arrested on the warrant of a justice of the peace, by the
defendants as special constables.   Defendants appealed
from the judgment of the court sentencing them to an
imprisonment in State Penitentiary for five years.

*The Attorney General,* for the State.
*Messrs. French & Norment* and *Shepherd & Busbee,* for
defendants (appellants).

FAIRCLOTH, C. J. :   The defendant Wynne was indicted,
under *The Code,* Section 991, for unlawfully receiving and

consenting to receive money for an illegal purpose, to-wit, to discharge a prisoner then in his custody for a crime committed, said Wynne being then a special constable duly appointed under the law of the State; and the defendant Oxendine is indicted for being present, aiding and abetting the unlawful act of the defendant Wynne. The defendants were convicted and appealed. The defendants contend that the indictment was insufficient because it uses the words " did receive and consent to receive," whereas the act (Section 991) uses the words " receive *or* consent to receive." Receiving necessarily implies consenting to receive, and the Court has held that the indictment, in form like the present, was sufficient, and the reasons given in full. *State* v. *Van Doran*, 109 N. C., 864. The defendant also insists that a constable specially deputized was not an officer within the terms and meaning of the statute. It is not necessary for us to enter into the question of the regularity of defendant's appointment and whether he was in office or not, for the reason that he undertook and exercised the duty of an officer, and is therefore entitled to its emoluments and liable to the penalties attaching to a failure to discharge the duties of such office. This has long since been settled in a case in which RUFFIN, C. J., used the following explicit language: " A person who undertakes an office and is in office, though he might not have been duly appointed and therefore may have a defeasible title, or not have been compelled to serve therein, is yet, from the possession of its authorities and the enjoyment of its emoluments, bound to perform all the duties, and liable for their omission, in the same manner as if the appointment were strictly legal and his right perfect." *State* v. *McEntyre*, 3 Ired., 171.

It is not denied that the defendant received the warrant

and arrested the defendants and had them in his custody and discharged them for a consideration.

A justice of the peace, under *The Code*, Sec. 645, may "in extraordinary cases" appoint any one, not being a party, to execute his mandate, and his decision is conclusive as to when such cases arise. *State* v. *Dula*, 100 N. C., 428. The charge of the court fully covered the contentions made on the trial, and there was no exception to it.

No Error.