# CHARLESTON.

STATE *v.* ANNA R. KING

(No. 5933)

Submitted April 19, 1927.    Decided May 17, 1927.

BRIBERY—*Indictment for Bribing Officer Must Show Defendant Knew Official Character of Person to Whom Bribe Was Offered (Code, c. 19, § 21).*

An indictment for bribery of an officer must show that the defendant knew of the official character of the person to whom the bribe was offered.

(Bribery, 9 C. J. §§ 4, 15.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Lewis County.

Anna R. King was convicted of violating a bribery statute, and she brings error.

*Demurrer sustained.*

*L. H. Barnett,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

LITZ, JUDGE:

Defendant Anna R. King prosecutes this writ of error to the judgment of the Circuit Court of Lewis County, sentenc-

ing her to three years confinement in the penitentiary for the violation of Section 21 of Chapter 19, Code, providing:

"If any person, firm or corporation shall give or offer to give any money or other thing of value to any officer or member of the department of public safety as a consideration for the performance of, or the failure to perform, any duty of such officer or member of the department of public safety under the rules and regulations of the superintendent and the provisions of this act, he or it shall be deemed guilty of a felony."

July 3, 1926, the defendant was arrested at her home in the city of Weston by S. W. Selbe, a member of the department of public safety, upon a search and seizure warrant, dated June 11, 1926, issued by a justice of the peace, charging her with the manufacture and sale of intoxicating liquors. Another member of the department of public safety and two deputy sheriffs of Lewis county were present at the time of the arrest. A short time after defendant had been lodged in the county jail Selbe was requested to go to her room and deliver a message. He testified that while talking to defendant through the bars in the door to her room she handed him a $10.00 bill and said, "Here is ten dollars, take this and say nothing about my case and when I get out I will give you plenty more." Going immediately to another part of the jail, Selbe labeled the $10.00 bill in the presence of several witnesses, and it was introduced in evidence. The transaction was flatly denied by defendant, who accuses. Selbe of fabricating the evidence because of ill-feeling toward her.

The defendant assigns, as one ground of error, the overruling of her demurrer to the indictment upon which she was tried, charging:

"The grand jurors of the State of West Virginia, in and for the body of the County of Lewis, and now attending said court, upon their oaths do present that Annie R. King, on the 3rd day of July, 1926, in the said county of Lewis, did unlawfully and feloniously offer to give money to S. W.

Selbe, an officer and member of the department
of public safety, as a consideration for the failure
to perform the duty of said officer and member of
the department of public safety under the rules
and regulations of the superintendent of the de-
partment of public safety, and the provisions of
Chapter 19 of the Code of West Virginia, by then
and there, after said officer had arrested the said
Anna R. King, by virtue of a warrant charging
her, the said Anna R. King, with a violation of
law, and placing her, the said Anna R. King, in
the jail of Lewis County, unlawfully and felo-
niously handing him, the said S. W. Selbe, $10.00,
and saying to him, the said S. W. Selbe, take this
and say nothing about the case, and I will give you
plenty more when I get out, or words to that effect,
against the peace and dignity of the State.''

It is not alleged wherein a compliance by Selbe with the
request of the defendant to ''say nothing about the case''
would violate any duty enjoined upon him by law. There is
no charge that the officer had any knowledge concerning any
violation of law on the part of the defendant, nor does the
indictment furnish any information as to what ''case'' she
referred to in the alleged request.

Furthermore the indictment does not contain the essential
averment that the defendant knew of the official character
of Selbe. ''The courts have held from the earliest times
that an indictment for bribery must set forth the defendant's
knowledge of the official character of him to whom the bribe
was offered.'' 4 R. C. L. 186; 9 C. J. 411; *State* v. *Howard,*
66 Min. 309, 68 N. W. 1096, 34 L. R. A. 178.

Without considering the other assignments, we are of
opinion to reverse the judgment, set aside the verdict, and
sustain the demurrer to the indictment.

*Demurrer sustained.*