20861. TAYLOR *v.* THE STATE.

444

*Reuben R. & Lowry Arnold, B. P. Gambrell, S. D. Hewlett, Paul Carpenter, J. O. Ewing,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. Walter LeCraw, William Schley Howard,* contra.

LUKE, J. Walter C. Taylor was tried for bribery, under an indictment containing twenty-five counts. Fourteen of these counts were abandoned by the State, and the jury acquitted the defendant on ten of the remaining counts and found him guilty on count 20. The case is here upon an exception to the judgment overruling the motion for a new trial, containing the general and many special grounds. However, the first question for determination is presented by exceptions pendente lite to the court's judgment overruling each and every ground of the defendant's demurrer to the indictment.

Count 20 of the indictment charges the defendant with the offense of bribery, " for that accused, in County of Fulton, on the 18 day of March, 1927, . . being then and there Clerk of Council of the City of Atlanta, a municipal corporation, and as such being in a position of confidence, trust, and clerkship in the Legislative Department of the City of Atlanta, composed of the 'Mayor and General Counsel of the City of Atlanta,' said office being an office of government in this State, did unlawfully receive of and from M. P. Roane the sum of $500 in money, as a present and reward given accused by said M. P. Roane to get certain sidewalk pavement placed and laid on the east side of West Peachtree street between the intersection of Porter Place and West Peachtree street and the intersection of Peachtree and West Peachtree, said purpose including the influencing of the official behavior of accused as such officer of government, the official behavior of accused being that he procured the passage and adoption by General Council of an ordinance authorizing said paving, and accused then transmitted and certified the same to the Mayor of Atlanta, who approved it with his official signature, and accused then certified and transmitted the said ordinance to the construction department of the City of Atlanta, which department then did the work of placing and laying the sidewalk for the obtaining of which said bribe was given."

The indictment next sets out a copy of the ordinance authorizing

the paving referred to therein, and numerous ordinances relating to the office and duties of the clerk of council. We deem it unnecessary to set out here the nine pages of ordinances relating to the duties of the clerk. The following is the gist of some of them:

Sec. 735. The clerk shall attend all meetings of the General Council and Aldermen, and keep a correct record of their proceedings.

Sec. 737. He shall keep a book of minutes, and other records, including a record of all petitions for street work.

Sec. 742. He shall have an official seal, which shall be affixed to all documents certified to by him.

Sec. 744. He shall make copies of all ordinances, except ordinances for construction of sewers, or for work of public improvement, and certify and transmit the same to the head of the department charged with the enforcement of such ordinance.

Sec. 747. He shall notify any department of the city of the passage of any resolutions or ordinances by the council affecting such departments, and also furnish them copies of same.

Sec. 1966. In all elections by General Council the vote shall be taken viva voce on call of the roll by the clerk, and shall be entered on the minutes.

Sec. 2032. He shall give bond in the sum of $10,000, to account to the city for all articles, goods, and monies coming into his hands by virtue of his office, including books, papers, etc.

Sec. 2048. No person holding a position or office under the city government shall act as attorney in any legal proceeding against said city, nor be employed as attorney or counsel in any matter or cause adversely to said city.

Following the recitation of said ordinances, the indictment continues in this language: "And it also being then and there among the duties of said accused in his said position as Clerk of Council, to certify all official action by said General Council on ordinances and resolutions to the Mayor and transmit the same to him for his official action thereon, and to record the action of the Mayor thereon in the official minutes of the General Council kept by accused, said duty being established by custom and usage in the Legislative Department of the City of Atlanta; . . said acts of accused and said offense being unknown until the date of December 1, 1929; . . the said certifying and transmitting of said

action of the Mayor and General Council to the construction department of the City of Atlanta being also in accordance with an official duty of said Clerk of Council, said duty being established by custom and usage in the Legislative Department of the City of Atlanta."

The grounds of the demurrer to count 20 are as follows:

"59. Defendant demurs to count 20 and says that the offense of bribery has no application to the Clerk of the City Council of Atlanta and no offense against the laws of the State of Georgia is set forth in said count 20.

"60. Further demurring to said count 20, defendant says that the allegation in said count that defendant received money of said Roane as a present and reward to get certain sidewalk pavement placed and laid on the east side of West Peachtree street, said purpose including the official behavior of accused as such official, and that the official behavior of accused was that he procure the passage and adoption by General Council of an ordinance authorizing said paving, sets forth no offense against the laws of the State of Georgia, and that it was not a part of the duties of the Clerk of the General Council to procure the passage and adoption by General Council of an ordinance authorizing said paving, and the allegation that, after having his official behavior influenced by procuring the passage and adoption by General Council of said ordinance, the accused then transmitted and certified the same to the Mayor of the City of Atlanta, and then certified it to the construction department, are irrelevant and immaterial matters, it having been alleged that the money was only paid defendant to influence his official behavior in procuring the passage and adoption of said ordinance; and this defendant says that after said ordinance was adopted, the mere act of the defendant in transmitting and certifying the same to the mayor, or his mere act in transmitting said ordinance to the construction department, are mere ministerial acts, and are not alleged to have been unlawful or improper, and are not alleged to have been the consideration of the bribe, and no ordinance set forth in said count makes the doing or the not doing of said transmissions any part of this defendant's duty as clerk.

"61. Further demurring to count 20, defendant says, as to the allegation in the end thereof, that the duty to certify official action by the General Council on ordinances and resolutions to the mayor

and transmit the same to him for official action, and to record the action of the mayor on the minutes of the council, said duty being established by custom and usage in the legislative department of the City of Atlanta, does not state any offense or part of an offense, and defendant says that no duty can be imposed on said clerk by custom or usage, and that the charter of the City of Atlanta specifies the term of the city clerk, that he shall have a seal, his oath of office, that he can appoint deputies, and provides that the other duties of said clerk shall be prescribed by ordinances of the City of Atlanta. Said provisions exclude the idea that any duty of said clerk can exist by custom and usage, and the defendant says that the same is true as to the last allegation in said count, which is that the certifying and transmitting to the Mayor, and then to the construction deparment of the City of Atlanta, is the official duty of the clerk established by custom and usage in the legislative department of the City of Atlanta.

"62. Further demurring to said count, this defendant says that the city ordinances set forth therein are wholly irrelevant, and throw no light upon any official right or power which this defendant would have in the legislative department of the City of Atlanta as respects the passing of a resolution or ordinance therein." The remainder of this demurrer, covering thirteen pages, takes up each of said ordinances separately. We see no occasion to set out the demurrer in full, and will not do so.

Section 270 of the Penal Code of 1910 is as follows: "Bribery defined. Bribery is the giving or receiving any undue reward to influence the behavior of the person receiving such reward, in the discharge of his duty in any office of government or of justice." Section 271 of the same code reads: "Punishment. If any person shall, directly or indirectly, give or offer to give any money, goods, or other bribe, present, or reward; or give or make any promise, contract, or agreement for the payment, delivery or alienation of any money, goods, lands, or other bribe; or use any promises, threats, persuasions, or other like sinister, unfair, or fraudulent practices in order to obtain or influence the opinion, judgment, decree, or behavior of any member of the General Assembly or officer of this State, referee, or arbitrator, in any matter or cause depending, or which shall depend before him, such person, and the officer, referee, or arbitrator, who shall accept or receive such bribe, shall be guilty of a misdemeanor."

In answering certified questions propounded to it by this Court, the Supreme Court of this State, in the case of *Payne* v. *State,* 153 *Ga.* 882 (113 S. E. 446), held that "the office of policeman of the City of Atlanta is an "office of government" and "an officer of this State," within the meaning of sections 270 and 271 of the Penal Code of 1910." By the same token, we are constrained to hold that the clerk of council of the City of Atlanta holds "an office of government in this State," within the meaning of section 270 supra, and that paragraph 59 of the demurrer is without merit.

We come next to consider the paragraph of the demurrer numbered 60. In the first place, does the "official behavior" referred to in the indictment include only the procuring of the passage and adoption by General Council of the paving ordinance, or does it also include the transmitting and certifying of said ordinance to the mayor, and the certifying and transmitting of said ordinance to the construction department? It will be observed that the language of the indictment is this: "the official behavior of accused being that he procured the passage and adoption by General Council of an ordinance authorizing said paving, and accused then transmitted and certified the same to the Mayor of Atlanta who approved it with his official signature, and accused then certified and transmitted the said ordinance to the construction department of the City of Atlanta, which department then did the work of placing and laying the sidewalk for the obtaining of which said bribe was given."

There are many ways in which the indictment could have been so worded as to express clearly the idea that the accused accepted a bribe not only to procure the passage and adoption of said ordinance, but also to certify and transmit the same to the mayor, and to certify and transmit the same to the construction department. For instance, following somewhat the phraseology of the indictment, this language and phrasing could have been used: "the official behavior of accused being that he procured the passage and adoption by General Council of an ordinance authorizing said paving, that he transmitted and certified said ordinance to the mayor, and that he then certified and transmitted said ordinance to the construction department." Indeed, the indictment appears to have been framed to charge the accused with being bribed only to procure the passage and adoption by General Council of the paving ordinance,

and not to do the merely incidental and routine work of certifying and transmitting the ordinance. That part of the indictment beginning with the clause, "and accused then transmitted and certified," and ending with the paragraph, appears to be a mere narrative of certain things which were done after the commission of the offense charged.

The next question is: Does the charge that the accused was bribed to procure the passage and adoption by General Council of the paving ordinance constitute the offense of bribery? "It is . . a universal principle that where the act is entirely outside of the official functions of the officer to whom the bribe is offered, the offense is not bribery." 4 R. C. L., sec. 13, top page 185. In this connection, we deem it pertinent to quote again section 270 of the Penal Code of 1910 of this State. It is as follows: "Bribery is the giving or receiving any undue reward to influence the behavior of the person receiving such reward, in the discharge of his duty in any office of government or of justice." See also *Newman v. State,* 97 *Ga.* 367 (23 S. E. 831). The principle that a person can only be bribed to do or not to do something in the line of his official duty is so generally recognized, and is so clearly of the very essense of our bribery statute, that further citation of authority is deemed unnecessary.

The provision in the charter of the City of Atlanta relating to the clerk's duties reads as follows: "His duties shall be prescribed by ordinance." See Ga. L. 1874, p. 144, sec. 133; Mayson's Code of the City of Atlanta, sec. 397. Of course, no ordinance set out in the indictment indicates in any way that it was in the line of the duties of the clerk of council to procure the passage and adoption of any ordinance or resolution. Indeed, it is clear, from the charter of the City of Atlanta and the amendments thereto, that the contrary is true.

If the foregoing conclusions are correct,—and we think they are, —the indictment charged no offense, and the court erred in overruling the demurrer to it. Having reached this conclusion, it is not necessary to consider any other question presented by the record, since further proceedings in the case were nugatory.

*Judgment reversed. Bell, J. (sitting instead of Broyles, C. J., disqualified), concurs. Bloodworth, J., concurs specially.*

BLOODWORTH, J., concurring specially. The headnote to this

decision lays down the proposition that "a person can not be bribed to do something entirely outside of his official duties." Conceding that this is a true statement of the law as generally applied, the authorities cited by counsel for plaintiff in error and those cited by counsel for defendant in error are apparently in conflict as to whether or not such acts as are charged in the particular indictment would constitute official conduct within the meaning of the laws against bribery, I will adopt the suggestion laid down by Bishop in his work on Statutory Crimes,—that when in doubt on such questions, "such doubts are to weigh only in favor of the accused," —and agree to the reversal of the judgment.