### STATE v. C. E. COLE.

(Filed 13 April, 1932.)

**1. Indictment A a—Indictment must be sufficiently specific to inform accused of crime charged and to enable court to proceed to judgment.**

The charge in the indictment must be sufficiently specific, both as to law and fact, to adequately inform the defendant of the offense with which he is charged and to enable him to be prepared on the trial and to enable the court to proceed to judgment upon conviction and to protect the defendant under another indictment for the same offense, and it may not be sufficient if the indictment follow the definition of the statute.

**2. Indictment C a—Demurrer to indictment challenges its sufficiency to charge defendant with commission of crime.**

The object of a demurrer to an indictment is to impeach it and forestall a prosecution on the ground that its charges do not constitute a breach of the criminal law, and in case the indictment does not adequately inform the defendant of the offense with which he is charged or is insufficient to enable the court to proceed to judgment, a demurrer thereto is good.

STATE v. COLE.

**3. Banks and Banking I a—Indictment in this case for making false entries on bank books held insufficient.**

The essential elements constituting a statutory offense must be sufficiently set out in the indictment whether the language of the indictment follows the statute or not, and in this respect the object of the statute may be relevant upon the question, and the intent and purpose of N. C. Code, 224(e), is to prevent the deception of the officers of the bank or the depletion of its assets or injury of its business by falsification of the bank's books by its officers or employees, and an indictment for the offense is not sufficient which merely charges such falsification without showing that the false entries were material or affected the interests of the bank or deceived its officers.

**4. Indictment A a—C. S., 4623, does not apply where indictment is fundamentally deficient.**

The essential constituents of the offense charged must be stated in an indictment therefor, and C. S., 4623, prescribing that an indictment shall not be quashed for mere informality or refinement in charging the offense does not apply where the indictment is fundamentally deficient.

**5. Indictment D b—Bill of particulars cannot supply essential requirements of indictment.**

The provisions of our statute, C. S., 4613, enabling a defendant in a criminal action to call for a bill of particulars, cannot supply a deficiency in an indictment when the language of the indictment fails to adequately charge the essential concomitants of the offense, and when the indictment is thus defective the trial court is without authority to permit an amendment.

CLARKSON, J., concurs in result.

APPEAL by State from *Barnhill, J.,* at February Term, 1932, of ROBESON.

The bill of indictment contains eight counts setting forth respectively the following charges:

1. That on 8 October, 1929, the defendant, being assistant cashier of the Bank of Pembroke, unlawfully, wilfully and feloniously made a false entry in the teller's book of said bank as follows, to wit, $3,182.06, against the form of the statute, etc.

2. That on the same day the defendant, being assistant cashier of said bank, unlawfully, wilfully and feloniously made a false entry in the teller's book of said bank as follows, to wit, $6,148.94, contrary to the form of the statute, etc.

3. That on the same day the defendant, being assistant cashier of said bank, did unlawfully, wilfully and feloniously make a false entry in the cash book of said bank as follows, to wit, $6,148.90, contrary to the form of the statute, etc.

4. That on the same day the defendant, being assistant cashier of said bank, unlawfully, wilfully and feloniously made a false entry in the

general ledger of said bank, as follows, to wit, $6,148.80, contrary to the form of the statute, etc.

5. That on 24 December, 1929, the defendant, being assistant cashier of said bank, unlawfully, wilfully and feloniously made a false entry in the teller's book of said bank as follows, to wit, $12,411.97, contrary to the form of the statute, etc.

6. That on 24 December, 1929, the defendant, being assistant cashier of said bank, did unlawfully, wilfully and feloniously make a false entry in the cash book in said bank as follows, to wit, $12,426.10, contrary to the form of the statute, etc.

7. That on 24 December, 1929, the defendant, being assistant cashier of said bank, unlawfully, wilfully and feloniously made a false entry in the general ledger of said bank as follows, to wit, $12,426.10, contrary to the form of the statute, etc.

8. That on 24 December, 1929, the defendant, being assistant cashier of said bank, unlawfully, wilfully and feloniously made a false entry in the teller's book of said bank as follows, to wit, $6,233.02, contrary to the form of the statute, etc.

The defendant demurred to the bill of indictment on the following grounds:

1. That the bill of indictment fails to state a crime.

2. That the bill of indictment fails to allege that the alleged false entries were entries among the transaction of the bank or that the said entries were material to the bank or affected its condition and fails to allege that the said entries were not immaterial to the condition or the operation of the bank.

3. That the said bill of indictment is not sufficient to support a verdict.

4. That the bill of indictment is not sufficient to protect the defendant against later indictment for the same alleged offense, if acquitted.

5. That the said bill of indictment, in respect to the allegations as to the alleged false entries, are so indefinite and uncertain as to make the same insufficient, and that the said bill fails to allege the kind or nature of the entries alleged to be false and fails to allege other facts and circumstances, or that the court upon inspection of the bill of indictment can determine that, if proved as alleged, the violation of the statute would be thoroughly constituted.

6. That it does not appear from the allegations in the said bill of indictment whether the false entries are credits or debits, whether they are material or whether they in any manner misrepresent the true financial condition of the bank, and the said bill of indictment fails to contain any allegations from an inspection of which the court could

determine that the allegations set out in said bill, if supported by evidence, would constitute a violation of the statute under which the defendant is indicted, to wit, C. S., 224(e).

The court being of opinion that the bill of indictment in order to be valid must contain allegations sufficient to disclose the materiality of the alleged false entries to such an extent as will enable the court to determine whether the alleged false entries, if knowingly and falsely made, would constitute an offense, sustained the demurrer.

The State excepted and appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Seawell. for the State.*

*Varser, Lawrence, McIntyre & Henry for defendant.*

ADAMS, J. The object of the demurrer is to impeach the indictment and to forestall a prosecution on the ground that the charges against the defendant do not constitute a breach of the criminal law, the specific contention being that the indictment does not adequately inform the defendant of any accusation against him or contain averments which would enable the court to proceed to judgment in case of conviction or to protect the defendant against subsequent prosecution for the same offense. *S. v. Edwards,* 190 N. C., 322.

At the session of 1927 the General Assembly repealed section 83, chapter 4, of the Public Laws of 1921 and substituted section 224(e) of the North Carolina Code of 1931. Public Laws 1927, chap. 47, sec. 16. The substituted section contains the following clause: "Whoever being an officer, employee, agent, or director of a bank . . . makes or permits to be made a false entry in a book, report, statement or record of such bank . . . shall be guilty of a felony."

The indictment purports to charge the defendant with a violation of this statute, the several counts varying only as to the books in which the entries were made and in a few instances as to the dates. It is charged in each count that the defendant, being assistant cashier of the bank, "did unlawfully, wilfully, and feloniously make a false entry" in a book of the bank. If the defendant were convicted upon this charge could judgment lawfully be pronounced? To justify a judgment the indictment must set forth a charge explicit enough to support itself; for if all the allegations may be true and yet constitute no offense the indictment is insufficient. *S. v. Eason,* 70 N. C., 88. It is likewise defective if, when drafted upon a statute, it omits words descriptive of any essential element of the offense charged. *S. v. Liles,* 78 N. C., 496; *S. v. Bagwell,* 107 N. C., 859; *S. v. Mooney,* 173 N. C., 798; *S. v. Bal-*

*langee,* 191 N. C., 700. As a rule it is enough to charge a statutory offense in the words of the statute, but this is not always true. It is sometimes necessary not only to pursue the technical language of the statute but to set forth the facts and circumstances which go to make up the offense. Clark's Criminal Procedure; *S. v. Mooney, supra.*

In all criminal prosecutions every man has the right to be informed of the accusation against him; and the accusation must be definite. "Every indictment is a compound of law and fact and must be so drawn that the court can, upon its inspection, be able to see the alleged crime." *S. v. Hathcock,* 29 N. C., 52. This is essential to a valid judgment. In explanation of the principle *Ruffin, C. J.,* used this significant language in *S. v. Stanton,* 23 N. C., 424: "Thus a statute may be so inaccurately penned that its language does not express the whole meaning the Legislature had; and by construction its sense is extended beyond its words. In such a case the indictment must contain such averments of other facts, not expressly mentioned in the statute, as will bring the case within the true meaning of the statute; that is, the indictment must contain such words as ought to have been used in the statute if the Legislature had correctly expressed therein their precise meaning. In *S. v. Johnson,* 12 N. C., 360, for example, it was held that, besides charging in the words of the act that the prisoner, being on board the vessel, concealed the slave therein, the indictment should have charged a connection between the prisoner and the vessel as that he was a mariner belonging to her; because that was the true construction of the act. So, where a statute uses a generic term, it may be necessary to state in the indictment the particular species in respect to which the crime is charged."

Similarly the principle was applied in the later case of *S. v. Farmer,* 104 N. C., 887. The statute there under consideration provided that any physician who should give, procure, or aid in procuring any false or fraudulent prescription for any spirituous, vinous, or malt liquors in violation of the act should be guilty of a misdemeanor. Public Laws 1887, chap. 215, sec. 4. The indictment averred that the defendant "unlawfully and wilfully did give to one G. H. a false and fraudulent prescription for spirituous liquors, the defendant being then and there a practicing physician," etc. The indictment was held to be defective, the Court saying: "The indictment should set out distinctly not only that the prescription was either false or fraudulent, but in what the falsehood or fraud consisted, as that the prescription was intended to convey and did convey the idea that in the opinion of the defendant the person to whom the prescription was given was sick and was in need of the liquors prescribed as a medicine, whereas, in fact and in truth, the said

person (prescribed for) was not sick and did not need the spirituous liquor as a medicine. The prescription must be shown to be false or fraudulent (either being sufficient), and the person indicted should know before he is compelled to plead whether he is to meet a charge of giving a false prescription, or whether he is accused of giving the prescription, knowing that it was false and intending to deceive or to evade the law."

These decisions exemplify the rule that an indictment may follow the language of the statute when the statute defines the offense and contains all that is essential to constitute the crime and to inform the accused of its nature; but if a particular clause in a statute does not set forth all the essential elements of the specified act intended to be punished, such elements must be charged in the bill. 31 C. J., 708, sec. 260; *S. v. Cherry,* 7 N. C., 7; *S. v. Moody,* 47 N. C., 335; *S. v. Whedbee,* 152 N. C., 770.

The indictment in the present case is open to criticism. Section 224(e) relates to the business of banking. The evil which the Legislature intended to remedy is the misapplication or embezzlement of funds, deceit, fraud, injury to the bank, and loss to its depositors and stockholders. We had occasion to construe the statute in *S. v. Lattimore,* 201 N. C., 32, in which it is said: "In effect the clause declares the wilful making of false entries in the books and records of banks by an officer, employee, agent, or director thereof a distinct offense, without regard to the fraudulent intent which, under the substituted section above referred to, applies to the embezzlement, abstraction and misapplication of funds and to other instances therein particularly specified. The reason for enacting the amended statute, by which the wilful making of false entries is declared to be a felony, is apparent. The natural and perhaps the unavoidable effect of making false entries in the books and records of a bank is to deceive the officers, to impair the assets, and to maim, if not totally to destroy the business."

This language must be construed in its relation to the indictment, which in that case set out the specific facts constituting the false entries. From these allegations the court was enabled to determine whether the entries charged in the bill were calculated to deceive the officers, impair the assets, injure the business, or result in loss. So, too, with respect to the indictment in *S. v. Hedgecock,* 185 N. C., 714.

The indictment in the present case contains no such averments. It is impossible for a court judicially to know whether the alleged false entries operated to the loss, injury, or prejudice of the bank, its customers, or its stockholders. Indeed, whether the false entries affected the bank in any respect is only a matter of inference or conjecture. The

extent of the entries is not suggested; whether great or small, nominal or serious is not intimated. As this Court held in *S. v. Farmer, supra,* the indictment in this case should have charged, not only that the defendant made a false entry in the books, but in what the falsity consisted. If the entry was false, in what respect was it false? If it did not state the truth, what is the truth?

The ground upon which the defendant assails the bill is fundamental; it is not an "informality or refinement" condemned by section 4623 of the Consolidated Statutes. By the many adjudications construing this section it has been definitely settled that the section neither supplies nor remedies the omission of any distinct averment of any fact or circumstance which is an essential constituent of the offense charged. *S. v. Gallimore,* 24 N. C., 372. In this case it was said: "The ground of these adjudications is that sufficient does not appear to the Court in the face of any indictment to induce them to proceed to judgment when, in the indictment, they do not see distinctly every fact and circumstance which makes up the crime. Call the defect in the indictment what you may—a defect of form or a defect of substance, a departure from good sense or only from the refinement of pleading—if by reason thereof there be this insufficiency in the indictment the court has no authority to render judgment. And if this settled exposition of the statute be departed from, we are left without a rule whereby to decide what defects are and what are not cured by it. But this defect ought not to be called an informality or refinement."

In the oft-cited case of *S. v. Moses,* 13 N. C., 452, it was remarked that the statute was designed to liberate the courts from the fetters of form, technicality, and refinement which do not concern the substance of the charge, and that sages of the law had called nice objections of this sort a disease of the law and a reproach to the bench. There the denounced "refinement" was a contention that the dimensions of a mortal wound must be described in an indictment for murder; and in *S. v. Noblett,* 47 N. C., 418, it was argued on behalf of the defendant that the judgment should be arrested because the word "blow" instead of "wound" was used in an indictment for murder. But in these and in other cases it has been held with uniformity that an indictment must contain an averment of the facts and circumstances which make up the crime.

The defect is not cured by the statute which enables the defendant to call for a bill of particulars. C. S., 4613. This section applies only when further information not required to be set out in the indictment is desirable. The "particulars" authorized are not a part of the indictment. *S. v. Beal,* 199 N. C., 278. A bill of particulars, therefore, will

not supply any matter which the indictment must contain. *S. v. Long,* 143 N. C., 670, overruled on another point in *S. v. Ray,* 151 N. C., 714. Such bill may be amended, but not an indictment. Whether "particulars" shall or shall not be ordered is a matter of judicial discretion, but without an indictment there can be no prosecution or conviction of this character. *S. v. Wadford,* 194 N. C., 336.

The Attorney-General confesses difficulty in sustaining the indictment "by satisfying argument or citation of authority"—this no doubt in recognition of the sentiment expressed by *Taylor, J.,* in *S. v. Owen,* 5 N. C., 458: "We cannot too strongly impress it on our minds that want of the requisite precision and certainty which may at one time postpone or ward off the punishment of the guilty may, at another, present itself as the last hope and only asylum of persecuted innocence." Judgment

Affirmed.

CLARKSON, J., concurs in result.