77 S.E.2d 917 (1953)
238 N.C. 325
STATE
v.
GREER.
No. 145.
Supreme Court of North Carolina.
October 14, 1953.
*918 Harry McMullan, Atty. Gen., and Claude L. Love, Asst. Atty. Gen., for the State.
W. D. Lonon, Marion, and W. E. Anglin, Burnsville, for defendant, appellant.
PARKER, Justice.
Before pleading to the bill of indictment the defendant made a motion to quash it upon two grounds: "(1) The bill of indictment fails to charge the defendant with a criminal offense; and (2) The bill of indictment fails to charge that the defendant made any offer to influence unlawfully a State Highway Patrolman in any public or official capacity."
The trial court overruled the motion, and the defendant excepted. This is the defendant's assignment of error No. 1, based on his exception No. 1.
The Constitution of North Carolina guarantees that in all criminal prosecutions every person has the right to be informed of the accusation against him, and not to be *919 put to answer any criminal charge, except as otherwise provided by our Constitution, but by indictment, presentment or impeachment. Art. I, §§ 11 and 12.
Similar provisions in the U. S. Constitution, which are not a restriction on the states in this respect, 42 C.J.S., Indictments and Informations § 90, page 957, and in the Constitutions of the various states, which are a substantial redeclaration of the common law rule, are one of the chief glories of the administration of criminal law in our courts, for they are in strict accord with our inherited and "traditional notions of fair play and substantial justice."
The authorities are in unison that an indictment, whether at common law or under a statute, to be good must allege lucidly and accurately all the essential elements of the offense endeavored to be charged. The purpose of such constitutional provisions is: (1) such certainty in the statement of the accusation as will identify the offense with which the accused is sought to be charged, (2) to protect the accused from being twice put in jeopardy for the same offense, (3) to enable the accused to prepare for trial, and (4) to enable the court, on conviction or plea of nolo contendere or guilty to pronounce sentence according to the rights of the case. State v. Cole, 202 N.C. 592, 163 S.E. 594; State v. Gregory, 223 N.C. 415, 27 S.E.2d 140; State v. Morgan, 226 N.C. 414, 38 S.E.2d 166; State v. Miller, 231 N.C. 419, 57 S.E. 2d 392; State v. Gibbs, 234 N.C. 259, 66 S.E.2d 883.
For generations attempts have been made, with varying degrees of success, to simplify forms of indictment. Such attempts may not be thwarted by insistence upon the preservation of outworn legalistic formulas, which grew up when the punishment of crime was so severe as in many cases to shock the moral sense of lawyers, judges and the people generally. It was then to the credit of humanity that technicalities were invoked to prevent the cruelty of a literal enforcement of the law. To simplify forms of indictment G.S. § 15-153 was enacted which in respect to quashing indictments provides in respect to indictments that every criminal proceeding by indictment is sufficient in form for all intents and purposes if it expresses the charge in a plain, intelligible, and explicit manner, and the same shall not be quashed, by reason of any informality or refinement, if in the bill sufficient matters appear to enable the court to proceed to judgment.
Quashing indictments is not favored. State v. Flowers, 109 N.C. 841, 13 S.E. 718. This statute has received a very liberal construction. State v. Carpenter, 173 N.C. 767, 92 S.E. 373.
In State v. Cole, supra [202 N.C. 592, 163 S.E. 596], the Court quotes with approval these words from State v. Hathcock, 29 N.C. 52, "`Every indictment is a compound of law and fact, and must be so drawn, that the Court can, upon its inspection, be able to perceive the alleged crime.'" In speaking of C.S. 4623, now G.S. § 15-153, the Court farther on in this case said: "By the many adjudications construing this section it has been definitely settled that the section neither supplies nor remedies the omission of any distinct averment of any fact or circumstance which is an essential constituent of the offense charged." To the same effect State v. Gibbs, supra.
Our statute as to offering bribes is G.S. § 14-218 "if any person shall offer a bribe, whether it be accepted or not, he shall be guilty of a felony". This statute neither defines bribery, nor sets forth its essential elements.
Bribery as defined by Blackstone and the older writers, was committed when a judge or other person concerned in the administration of justice took any undue reward to influence his behavior in his office. State v. Noland, 204 N.C. 329, 168 S.E. 412. This limited the offense to officers identified with the administration of public justice. This definition is too narrow, unless the term justice is unduly extended, for they do not include soliciting a bribe, attempts to bribe, or acts of bribery involving officials in the many departments other than judicialall *920 of which are embraced by the common law crime of bribery. 8 Am.Jur., Bribery, § 2.
The essence of bribery "is the prostitution of a public trust, the betrayal of public interests, the debauchment of the public conscience." Ex parte Winters, 10 Okl.Cr. 592, 140 P. 164, 165, 51 L.R.A.,N.S., 1087.
Bribery may be defined generally as the voluntary offering, giving, receiving or soliciting of any sum of money, present or thing of value with the corrupt intent to influence the recipient's action as a public officer or official, or a person whose ordinary profession or business relates to the administration of public affairs, whether in the legislative, executive or judicial departments of government in the performance of any official duty required of him. The bribe must be intended, however, to influence the recipient in the discharge of a legal duty, and not a mere moral duty. 8 Am.Jur., ibid; 11 C.J.S., Bribery, § 1, page 840. Both texts cite many authorities.
The general rule in this state and elsewhere is that an indictment for a statutory offense is sufficient, if the offense is charged in the words of the statute, either literally or substantially, or in equivalent words. State v. Gregory, supra; State v. Miller, supra; State v. Randolph, 228 N.C. 228, 45 S.E.2d 132. This rule does not apply where the words of the statute do not, without uncertainty or ambiguity, set forth all the essential elements necessary to constitute the offense sought to be charged in the indictment, so as to inform the defendant of the exact charge of which he is accused to enable him to prepare his defense, to plead his conviction or acquittal as a bar to further prosecution for the same offense, and upon conviction to enable the court to pronounce sentence. In such a situation the statutory words must be supplemented in the indictment by other allegations which explicitly and accurately set forth every essential element of the offense with such exactitude as to leave no doubt in the minds of the accused and the court as to the specific offense intended to be charged. However, it is neither necessary to state particulars of the crime in the meticulous manner prescribed by common law, nor to allege matters in the nature of evidence. 27 Am.Jur., Ind. and Inf., § 103; 42 C.J.S., Indictments and Informations § 90; State v. Watkins, 101 N.C. 702, 8 S.E. 346; State v. Whedbee, 152 N.C. 770, 67 S.E. 60, 27 L.R.A.,N.S., 363; State v. Cole, supra; State v. Raynor, 235 N.C. 184, 69 S.E.2d 155; State v. Loesch, 237 N.C. 611, 75 S.E.2d 654; U. S. v. Cruikshank, 92 U.S. 542, 23 L.Ed. 588, page 593; U. S. v. Simmons, 96 U.S. 360, 24 L.Ed. 819; U. S. v. Carll, 105 U.S. 611, 26 L.Ed. 1135; U. S. v. Hess, 124 U.S. 483, 8 S.Ct. 571, 31 L.Ed. 516; Evans v. U. S., 153 U.S. 584, 14 S.Ct. 934, 38 L.Ed. 830; Keck v. U. S., 172 U.S. 434, 19 S.Ct. 254, 43 L.Ed. 505; Armour Packing Co. v. U. S., 209 U.S. 56, 28 S.Ct. 428, 52 L.Ed. 681.
In State v. Cole, supra, Adams, J., speaking for the Court after analyzing a number of our cases, says: "These decisions exemplify the rule that an indictment may follow the language of the statute when the statute defined the offense and contains all that is essential to constitute the crime and to inform the accused of its nature; but, if a particular clause in statute does not set forth all the essential elements of the specified act intended to be punished, such elements must be charged in the bill", citing authorities.
In Keck v. U. S., supra [172 U.S. 434, 19 S.Ct. 255], White, J., (later C. J.) speaking for the Court quotes from U. S. v. Hess, supra: "`The statute upon which the indictment is founded only describes the general nature of the offense prohibited, and the indictment, in repeating its language without averments disclosing the particulars of the alleged offense, states no matters upon which issue could be formed for submission to a jury.'"
In State v. Wynne, 118 N.C. 1206, 24 S.E. 216, 217, the defendant was indicted under the Code, § 991, now G.S. § 14-217 entitled Bribery of Officials. "For unlawfully receiving and consenting to receive money for an illegal purpose, to-wit, to *921 discharge a prisoner then in his custody for a crime committed, said Wynne being then a special constable duly appointed under the law of the state". No error was found in the trial.
We have examined the original record in State v. Noland, supra. The first count in the bill of indictment stated the purpose of offering the bribe as follows: "Did unlawfully, wilfully and feloniously offer a bribe to one Hurst Justice, a juror in the County aforesaid, who was then and there duly qualified and acting as a juror in a criminal action wherein the State of North Carolina was plaintiff and W. B. Davis, Luke Lea, Luke Lea, Jr., and E. P. Charlet, were defendants, which said case was then being tried in the Superior Court of Buncombe County at the July-August, 1931, Special Term of said Superior Court and did then and there offer a bribe to said juror, Hurst Justice, with the felonious purpose and intent to influence the verdict to be rendered by said juror in said cause and to induce or procure said juror to acquit the said defendants in the said case then on trial; and the said Wylie B. Noland did hold out to the said juror a fee or award, to-wit: the sum of $500.00 to influence his verdict as aforesaid." The second count in the indictment charged the offense as follows: "Did unlawfully, wilfully and feloniously offer a bribe, to-wit: the sum of $500.00 to one Hurst Justice, a juror who was then and there duly qualified and acting in the case of State of North Carolina, plaintiff, v. W. B. Davis, Luke Lea, Luke Lea, Jr., and E. P. Charlet, defendants, and which said case was then being tried in the Superior Court of Buncombe County, at the July-August, 1931, Special Term of the said court." There was a verdict of guilty. The Court said [204 N. C. 329, 168 S.E. 413]: "Assuming, however, that the indictment must set out the evil intent, we observe in the first count an averment that the defendant unlawfully, willfully, and feloniously offered a bribe to an acting juror with intent to influence the verdict and to procure the acquittal of the defendants. This is a sufficient charge of the corrupt purpose."
In State v. McLamb, 208 N.C. 378, 180 S.E. 586, the first count in the indictment set forth the purpose of the bribe in these words, that the defendants "unlawfully, wilfully, fraudulently, feloniously, deceitfully, and corruptly did combine, conspire, confederate, and agree together to bribe the said L. A. Hodges and Derwood Hicks to falsely testify in the Superior Court of Scotland County in a certain case in which the State of North Carolina was plaintiff and I. B. McLamb was defendant, with the felonious and fraudulent intent thereby to hinder, obstruct, delay and defeat the ends of justice, and the orderly administration of the laws of the State of North Carolina." The second count in the indictment charges the purpose of the bribe as follows: that the defendants "being persons of fraudulent minds and evil dispositions, and wickedly devising and intending to hinder, obstruct, delay and defeat justice in the Superior Court of Scotland County, and in furtherance of an unlawful conspiracy among themselves to commit bribery and to defeat justice in the said county of Scotland, unlawfully, wilfully, feloniously, wickedly, fraudulently, and corruptly, the said James Raynor, acting for himself and as agent and attorney for the said I. B. McLamb, L. A. Hodges, and Derwood Hicks, did pay to the said L. A. Hodges and Derwood Hicks the sum of $500.00 in money, currency of the United States, the same being in denominations of Twenty Dollars Bills, and the said L. A. Hodges and Derwood Hicks received the said $500.00 so delivered by the said James Raynor as a bribe, and the said money was delivered as aforesaid, and received as aforesaid for the purpose and in payment for false testimony by the said L. A. Hodges and Derwood Hicks on behalf of the said I. B. McLamb in a certain case pending in the Superior Court of Scotland County, wherein the State of North Carolina was plaintiff and I. B. McLamb was defendant".
An indictment for offering a bribe or bribery must set forth the defendant's knowledge of the official character of him to whom the bribe was offered. However, it appears to be the general rule that an *922 indictment is sufficient in this respect if the requisite knowledge can be reasonably inferred from other allegations stating the acts constituting the offense. 8 Am.Jur., Bribery, § 26; 11 C.J.S., Bribery, § 9, page 863.
Tested by the rule laid down by numerous cases and text-writers, the indictment in the present case is fatally defective. The statute upon which the indictment is based merely describes the offense in generic terms, and does not sufficiently describe the crime or set forth all of its essential elements. The indictment in repeating its language without averments disclosing the particulars of the alleged offense is not sufficient.
For the indictment to be good it must appear from the indictment that the offering of a bribe to D. C. Safriet, Jr., a State Highway Patrolman, was to influence Safriet in the performance of some act, which lay within the scope of his official authority, and was connected with the discharge of his legal and official duties, and allegations to that effect must be definite and particular in statement, and not mere conclusions. 11 C.J.S., Bribery, § 9(g); Boykin v. U. S., 5 Cir., 11 F.2d 484; Schraeder v. People, 73 Colo. 400, 215 P. 869; Taylor v. State, 42 Ga.App. 443, 156 S.E. 623; State v. Beliveau, 114 Me. 477, 96 A. 779; State v. Adams, 308 Mo. 664, 274 S.W. 21; Selvidge v. State, 126 Tex. Cr.R. 489, 72 S.W.2d 1079; State v. Hart, 136 Wash. 278, 239 P. 834; State v. King, 103 W.Va. 662, 138 S.E. 330; Bishop's Practical Directions and Forms (1885) § 247 pp. 121 and 122, General Formula for Bribery Indictment; Joyce on Indictments, 2d Ed. pp. 749-754Forms of Indictment for Bribery; Wharton, Precedents of Indictments and Pleas (1871) Vol. II, pp. 526 et seq.; 8 Am.Jur., Bribery, § 24.
A fatal defect in an indictment is not cured by G.S. § 15-143, which enables the defendant to call for a bill of particulars. The "particulars" authorized are not a part of the indictment. A bill of particulars will not supply any matter which the indictment must contain. State v. Long, 143 N.C. 670, 57 S.E. 349; State v. Cole, supra; State v. Wilson, 218 N.C. 769, 12 S.E.2d 654; State v. Gibbs, supra.
Though the bill of indictment under which the defendant was tried and convicted is fatally defective, it will not serve to bar further prosecution. State v. Miller, supra.
Like every other citizen on trial in the criminal courts, the defendant is entitled to the full benefit of the constitutional provisions devised to promote the safety of all. And to quote the words of Taylor, J., (later C. J.) in State v. Owen, 5 N.C. 452: "And we cannot too strongly impress it on our minds that want of the requisite precision and certainty which may, at one time, postpone or ward off the punishment of guilt, may, at another, present itself as the last hope and only asylum of persecuted innocence."
The defendant's assignment of error No. 1, based on his exception No. 1, that the court erred in refusing to quash the bill of indictment is well taken.
The judgment below is
Reversed.